CLARK W. DUNLOP, Respondent, *v.* LAWRENCE V. MULRY and Others, Respondents.

GILBERT W. MINOR, Appellant.

*Judicial sale of a leasehold interest — the purchaser is not excused because of a suit, of which he had knowledge, to set aside an assignment of the lease — a covenant not to assign a lease is not violated by a mortgage thereof or an assignment under its foreclosure.*

A purchaser at a sale in an action to foreclose a mortgage upon a leasehold interest will not be relieved from his purchase because of the pendency of an action to set aside an assignment of the lease to the mortgagor, where it appears that the purchaser knew of the pendency of the action at the time of the sale.

The mortgaging of a leasehold interest is not a violation of a covenant contained in the lease prohibiting an assignment thereof without the consent of the lessor, nor is such covenant violated by a conveyance of the leasehold interest by a referee, pursuant to a judgment foreclosing the mortgage.

APPEAL by Gilbert W. Minor from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1903, directing him, as the purchaser at a foreclosure sale, to complete his purchase.

*Gilbert W. Minor,* appellant, in person.

*F. De Witt Wells,* for the respondents.

INGRAHAM, J. :

I think this order should be affirmed for the reasons stated by the Special Term.* The purchaser when he made his bid had knowledge of the fact that the action to set aside the assignment of the lease by the executors of the estate of James Mulry had been commenced, and with knowledge of that fact he purchased at the sale by the referee under the judgment; and he cannot be heard, in opposition to an application to compel him to complete his purchase, to urge as an objection the pendency of that action. It does not appear that the consent of the lessor is necessary to vest in the purchaser at this sale a valid title. There is no covenant in the lease prevent-

---

* The opinion of the Special Term will be found at the end of this opinion.

ing the lessee from mortgaging the lease, and it is settled that a mortgage is not a violation of a covenant against an assignment, and that a transfer by a referee in execution of a judgment to foreclose such a mortgage is not a violation of the covenant. It was stated upon the argument by counsel that the property has, since the granting of this order, been resold. It may be that after such resale the purchaser who had refused to complete his purchase would be entitled to have repaid the deposit made upon his purchase. The order should, therefore, be affirmed, with ten dollars costs and disbursements, but without prejudice to the purchaser applying in the court below for a repayment of the whole or any part of the ten per cent which he paid to the referee upon signing the terms of sale.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, without prejudice to the right of the purchaser to apply to the court below for repayment of the whole or any part of the ten per cent paid by him to the referee.

The following is the opinion of LEVENTRITT, J., delivered at Special Term :

LEVENTRITT, J.:

Neither of the objections to the title has the support of authority. The defendant Mulry mortgaged certain leasehold premises to the plaintiff. It appears that the original leases made to the defendant's father contained a clause prohibiting the granting, assigning or transferring of the lease without the written consent of the lessor. Upon the father's death, and under his will, the executors, of whom the defendant was one, assigned to him, in part payment of a certain legacy under the will, the lease in question. To this transfer the consent of the lessor was obtained. Thereafter the defendant mortgaged his interest in the leaseholds to the plaintiff but without first securing the written consent of the lessor. The mortgage has been foreclosed and the purchaser objects to the title, *first*, because of the absence of this consent, and, *secondly*, because of the pendency of a certain proceeding instituted by a sister of the defendant who

attacks the validity of the assignment of the leases to him under his father's will.

The case of *Riggs* v. *Pursell* (66 N. Y. 193) answers both objections. The familiar principle was there enunciated that a purchaser upon a sale will not be relieved on account of defects in the property or the title thereto of which he had notice. It appears conclusively, partly by averment and partly by undenied allegation, that the purchaser had notice of the sister's proceeding attacking the validity of the transfer. With her probability of success this motion has nothing to do, but the fact that the firm, of which the purchaser is a member, represented her in the proceeding, and that he himself argued the motion as counsel, is one of the important facts establishing knowledge on his part of the very proceedings he now invokes to relieve himself of his contract.

*Riggs* v. *Pursell* (*supra*) was also the foreclosure of a leasehold and contained a covenant on the part of the lessee that he would not during the term assign, transfer or set over the lease or any of the term thereby created, and it was there claimed on behalf of the purchaser that the giving of the mortgage without the consent first had was a violation of the covenant. The court say : " The giving of the mortgage was not a violation of the covenant. A mortgage, in this State, of land, is not a transfer of the legal title or the possession but a mere security. (*Trimm* v. *Marsh*, 54 N. Y. 599.) * * * It is, therefore, clear that this lease was not forfeited by the giving of the mortgage, which did not transfer the title to the premises or the lease. Neither was it forfeited by the sale under the decree. This was a judicial sale in a hostile proceeding, a sale *in invitum*, and such sales are held not to violate this covenant. An assignment either by the lessee or his executor which is not voluntary, but caused by operation of law, is not a breach of the covenant not to assign." Analogous to the decision in the *Riggs* case is that of *Barry* v. *Hamburg-Bremen Fire Ins. Co.* (110 N. Y. 1) which holds that the execution of a mortgage is not a violation of a contract provision not to assign.

The motion is granted, with ten dollars costs.