FIDELITY TRUST COMPANY OF NEW YORK, as Trustee, Respondent, v. BROOKLYN PROPERTIES CORPORATION and Others, Defendants, Impleaded with HAROLD E. WITTEMAN, Appellant.

Second Department, May 16, 1930.

*William Gold* [*George Goldberg* with him on the brief], for the appellant.

*Mortimer Brenner,* for the respondent.

TOMPKINS, J. Between January 30, 1922, and December 30, 1924, seven bonds and mortgages were given by various corporations on certain parcels of land, and on said last-mentioned date the Brooklyn Properties Corporation, one of the defendants, was the owner of all of the premises described in said seven mortgages. On said 30th day of December, 1924, the said Brooklyn Properties Corporation entered into an agreement with the Coal and Iron National Bank of the City of New York as trustee (formerly the Coal and Iron National Bank), which agreement, for convenience, was dated October 1, 1924, and consolidated all seven said mortgages, extended and modified the terms thereof, and made them a joint lien on the said real property. This consolidated mortgage provided for interest at six and one-half per cent from October 1, 1924, was in the sum of $475,000, and provided for payment in certain installments. Pursuant to the provisions of said agreement, certificates of participation in the aggregate principal amount of $475,000, with interest warrants, were executed by the Coal and Iron National Bank of the City of New York, as trustee, to and upon the order of the defendant Brooklyn Properties Corporation, and participation certificates in the aggregate principal amount of $434,000, with interest warrants which became due on April 1, 1928, and all subsequent interest warrants, were issued and were outstanding in the hands of *bona fide* purchasers for value.

Simultaneously with the execution of the trust agreement, defendant Harold E. Witteman, " in consideration of the purchase and negotiation of the certificates " and for other good and valuable considerations, executed an agreement whereby he guaranteed the payment to the said trustee of the full amount of the principal and interest provided for in the said trust agreement. The pertinent parts of said guaranty agreement are as follows:

" Now, therefore, in consideration of the purchase and negotiation of the certificates issued and to be issued under the agreement and representing shares or parts of said indebtedness as thereby consolidated, coordinated, extended and modified, and other good and valuable considerations, the undersigned Harold E. Witteman of Brooklyn, New York, DOES HEREBY GUARANTY the payment to The Coal and Iron National Bank of the City of New York, as Trustee under the Agreement, of the full amount

of the principal and interest on the aforesaid indebtedness as consolidated, coordinated, extended and modified by said Agreement as and when the same shall in any manner be or become due, either at the times provided for the payment thereof in said Agreement, or at earlier maturity thereof pursuant to the terms of said Agreement, the undersigned hereby accepting all of the provisions of the said Agreement and of the certificates to be issued thereunder in the form set forth in said Agreement. Presentation for payment, demand for payment, notice of acceptance of this guaranty or of non-payment at maturity are hereby waived by the undersigned, it being the intention hereof that the undersigned shall be and remain liable under this guaranty until the principal of and the interest on the aforesaid indebtedness as consolidated, coordinated, extended and modified by said Agreement has been paid in full, notwithstanding any act or thing within the foregoing waiver which might act as a legal or equitable discharge of a surety, subject, however, to the provisions of the paragraph immediately succeeding.

" Anything contained herein to the contrary notwithstanding, whenever One Hundred Thousand Dollars ($100,000) in aggregate principal amount of the certificates of the said Trustee issued under the Agreement shall have been paid, then this guaranty shall be and become absolutely void and of no effect; otherwise this guaranty shall remain in full force and effect. Said certificate shall only be deemed to be paid within the meaning of this instrument if (1) moneys sufficient to pay and/or redeem the same, and which are applicable to such payment and/or redemption, shall be paid to the Trustee by the Company, its successors or assigns, excepting, however, any moneys which may be paid to the said Trustee as the proceeds of fire insurance or in connection with the release of any property under the Agreement or as compensation for any property taken by the exercise of the power of eminent domain, and which might otherwise become applicable thereto pursuant to the terms of the Agreement, or (2) certificates purchased by the Company, its successors or assigns, or by the undersigned, shall be surrendered to the said Trustee, cancelled, or for cancellation.

" This guaranty is independent of and in addition to, the rights and remedies of the Trustee under the Agreement and under the aforesaid bonds and mortgages consolidated thereby, and this guaranty shall be binding upon the undersigned, his heirs, executors and administrators and shall inure to the benefit of the said Trustee, as trustee as aforesaid, and its successors in the said trust."

On February 27, 1926, the Coal and Iron Bank of the City of New York merged into the Fidelity-International Trust Company

and assumed the name " Fidelity Trust Company of New York," the plaintiff herein.

The judgment of foreclosure and sale was for the sum of $482,431.85, with interest from May 17, 1929, the date of the referee's report, together with costs and an additional allowance to the plaintiff, the referee's fees and compensation for services of the trustee, and directed payment to the plaintiff of the net proceeds of sale for the benefit of the holders of the interest warrants which matured April 1, 1928, and October 1, 1928, respectively, and of the holders and/or registered owners of the first mortgage six and one-half per cent serial gold loan certificates, secured by the above-stated agreement, amounting to the sum of $478,254.73, with interest at six per cent from May 17, 1929, and also provided that in case of a deficiency the referee shall specify the amount of said deficiency in his report of sale, and that the defendants Brooklyn Properties Corporation and Harold E. Witteman shall pay to the plaintiff the residue of the debt remaining unsatisfied after the sale of the said mortgaged premises and the application of the proceeds of the sale pursuant to the directions contained in said order, that plaintiff have judgment against the said defendants Brooklyn Properties Corporation and Harold E. Witteman for the amount of said deficiency, and that plaintiff have execution therefor.

At the sale the highest bid for the premises was $305,000. A motion was made by the appellant to amend the judgment by striking out the provision for a deficiency judgment against him, which motion was denied. The appellant, Harold E. Witteman, filed a notice of appearance in the foreclosure action but defaulted in pleading, and now correctly contends that he is bound neither by the plaintiff's prayer for relief nor by its allegations predicated upon any erroneous construction of documents properly incorporated in the complaint.

The defendant, appellant, Witteman, contends that his entire liability is $100,000, and that, the premises having sold for $305,000, under the terms of the guaranty agreement he is released from any liability, and claims that the purchaser at a foreclosure sale is the successor or assignee of the mortgagor fee owner and for that reason he is released, the agreement so providing in case of payment to the trustee by the company, its successors or assigns; also that the relationship of guaranty and surety survives the judgment and that the provisions of the agreement and the rights accorded the defendant, appellant, Witteman thereunder apply even after judgment of foreclosure and sale.

A guarantor, like a surety, is bound only by the strict and precise terms of his contract. In this case the liability of defendant

Witteman on his contract is the amount of the deficiency judgment. Under the terms of the agreement, the liability is limited to $100,000 whenever $100,000 in certificates is paid and if the provisions of the agreement are met.

The purchaser at a foreclosure sale is not the successor or assignee of the mortgagor fee owner, so as to bring him within the provisions of the latter part of the contract of guaranty.

Though we have found no authority exactly in point, under the doctrine laid down in *Hanna* v. *Florence Iron Co.* (222 N. Y. 290) the court in considering whether receivers might be deemed successors or assigns of a corporation, after saying that they were not assigns, states with reference to any possible contention that they might be considered successors (p. 299): " That latter term as used in the contract does not describe any such transference from a corporation of its rights, property and privileges as was effected by the appointment of the receivers. It means, ordinarily in the case of a corporation, another corporation which by a process of amalgamation, consolidation or duly authorized legal succession has become invested with the rights and *has assumed the burdens of the first corporation.*"

The purchaser at a foreclosure sale assumes no burden of the mortgagor. It merely assumes the burden of paying its own bid on the foreclosure sale.

It is well established that a purchaser at a foreclosure sale of a leasehold is not considered an assign where a lease is taken with a covenant against the assignment thereof and there is no breach either by the giving of a mortgage on the leasehold or by a foreclosure of the mortgage and a purchase of that leasehold at the foreclosure sale. (*Riggs* v. *Pursell*, 66 N. Y. 193; *Dunlop* v. *Mulry*, 85 App. Div. 498; *Francis* v. *Ferguson*, 246 N. Y. 516.)

The term " successor or assign " means a person to whom property passed by the voluntary act of the owner, and not one who receives it by operation of law *in invitum*.

In addition to the requirement in the guaranty agreement that, in order to release the guarantor, the moneys shall be paid by the company, its successors or assigns, the guaranty agreement also provides that this money shall be sufficient to pay and/or redeem $100,000 principal amount of certificates and shall be applicable to such payment and/or redemption.

The trust agreement under which the seven mortgages were consolidated specifically provides that if the amount realized under the foreclosure sale is insufficient to pay the mortgage debt in full, the proceeds shall be distributed ratably among the outstanding certificates, all of which are entitled equally to share therein. It

follows, therefore, that the sum realized at the foreclosure sale is not sufficient to pay a single certificate in full, nor will it be applicable to the payment of any single certificate. Each of the certificates outstanding when the action was begun will remain outstanding and unpaid, the only result of the distribution of the proceeds being a diminution of the amount due on each certificate. In such event, the guarantor is not discharged. The guaranty agreement refers to the trust agreement and begins with an absolute guaranty by the defendant, appellant, Witteman, of the payment of the full amount of the principal and interest of the indebtedness as and when the same shall in any manner be or become due, either at the times provided for the payment thereof in said agreement or at earlier maturity pursuant to the terms of the said agreement. The defendant, appellant, Witteman, in executing his agreement of guaranty, accepted the provisions of the agreement, not only with respect to the time and manner in which payment shall become due, but with all their significance and force.

The defeasance clause does not provide that whenever, under any circumstances, the principal amount of the mortgage debt shall be reduced by $100,000 the guaranty shall become null and void, but specifically provides that it shall become null and void only when $100,000 aggregate principal amount of the certificates shall have been paid, thus clearly distinguishing between a general reduction of the indebtedness and specific payment of certificates.

The defendant, appellant, correctly contends that he is properly before the court as to his appeal from the judgment as well as from the order, and also that the relationship of guaranty and surety survives the judgment. He has his rights under the agreement, even though the mortgagee has obtained a judgment of foreclosure and sale. The obligation of guaranty and suretyship are excepted from the general rule. (*Wagoner* v. *Brady*, 221 App. Div. at p. 407.)

The agreement itself is clear and unambiguous. The defendant, appellant, Witteman, guaranteed the whole sum. Had the installments been paid as they became due under the terms of the agreement, so that the mortgage had been reduced in amount by the sum of $100,000, the appellant would then have been entirely released from his agreement of guaranty, but this not having been done, the appellant is liable under the first part of his guaranty agreement, wherein he guaranteed payment of the " full amount of the principal and interest on the * * * indebtedness as consolidated, coordinated, extended and modified " by the trust agreement " as and when the same shall in any manner be or become due." Payment to be made out of the proceeds of the foreclosure

sale cannot be deemed to have been made "by the company, its successors or assigns;" and, in addition, the proceeds of the foreclosure sale, when paid to the trustee, will not be applicable to the payment and/ or redemption of $100,000 aggregate principal amount of certificates, or of any amount of certificates, which, with those already paid, would aggregate $100,000.

The judgment of foreclosure and sale providing for a deficiency judgment against the defendant, appellant, Witteman, and the order denying his motion to amend said judgment by omitting said provision for a deficiency judgment, should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, CARSWELL and TOMPKINS, JJ.

Judgment of foreclosure and sale providing for a deficiency judgment against the defendant, appellant, Witteman, and the order denying his motion to amend said judgment by omitting said provision for a deficiency judgment, unanimously affirmed, with costs.