### (September 29, 1941.)

ELEANOR V. V. BREWSTER, Respondent, v. KABLE NEWS COMPANY, Appellant. — The motion is referred to the court which rendered the decision on the appeal. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ. Motion for reargument or to resettle order denied, without costs. On the court's own motion the decision of this court handed down on June 30, 1941 [see *ante*, p. 894], is amended to read as follows: Action on contract. Order striking out the second and third defenses, granting plaintiff's motion, and denying defendant's cross-motion for judgment on the pleadings and for summary judgment, and judgment entered thereon, in so far as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements, plaintiff's motion denied, and defendant's cross-motion granted, with ten dollars costs, and judgment directed to be entered in favor of defendant. The appeal with respect to the sufficiency of the first and fourth defenses contained in the answer having been abandoned, has not been passed upon by the court and is dismissed, without costs. As we construe the contract, the contingency relieving defendant of its obligation to pay plaintiff forty dollars a week for life is the discontinuance by defendant " and/or its successors or assigns " of the publication of the magazines by reason of the same being an unprofitable venture. In our opinion the undisputed facts clearly establish that the contingency did occur and that defendant's obligation to plaintiff terminated upon the appointment of the equity receiver. The equity receiver and the purchaser at the judicial sale are not the successors or assigns of defendant within the contemplation of the contract. (*Hanna* v. *Florence Iron Co.*, 222 N. Y. 290; *Fidelity Trust Co.* v. *Brooklyn Properties Corp.*, 229 App. Div. 544.) Lazansky, P. J., Hagarty and Johnston, JJ., concur; Carswell and Close, JJ., dissent as to the reversal and vote to affirm the order and judgment as to the second and third defenses, but concur as to the dismissal of the appeal from the first and fourth defenses. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

Property Law, by plaintiffs, as owners in fee of certain real property, to have a certain instrument of record purporting to affect the title of that real property canceled of record, and barring defendants from any and all claims to the real property in question. Judgment for the plaintiffs unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.