132 So.2d 608 (1961)
GREAT SOUTHERN AIRCRAFT CORPORATION, a Florida corporation, Appellant,
v.
Philip KRAUS and Anna Kraus, his wife, and Tamiami Aviation, Inc., a Florida, corporation, Appellees.
No. 61-491.
District Court of Appeal of Florida. Third District.
September 7, 1961.
Rehearing Denied September 26, 1961.
J.M. Flowers, Miami, for appellant.
Cheren & Golden, Leonard G. Egert, Frank C. Vernis, Jr., Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
*609 BARKDULL, Judge.
This is an interlocutory appeal from an order granting a writ of possession, subsequent to a foreclosure sale of a leasehold estate.
The principal question for determination is whether the lessor of the leasehold estate was an indispensable party to the proceedings. It appears, under the facts revealed by this record, that it was not.
The lease involved was given by the Dade County Port Authority, as lessor, and contained the following provision:
"This lease shall not be sold or assigned or the premises or rights granted hereunder, sublet in whole or in part without the written consent of the Lessor; provided, however, that the Lessee may assign this lease without such consent to any corporation with which the Lessee may merge or consolidate or which may succeed to the business of the Lessee."
Thereafter, the lessee executed a note to the appellee, Kraus, and secured the payment of the note with a mortgage on the leasehold. After a default in the note and mortgage, a foreclosure suit was commenced by Kraus and a lis pendens was filed. While the foreclosure proceeding was pending, the leasehold estate was assigned to the appellant, Great Southern Aircraft Corporation, who had constructive notice of the foreclosure proceeding by the lis pendens and actual notice, as the assignment contained the following provision:
"* * * that the lease is free from all encumbrances except a possible mortgage on the buildings payable to Philip & Anna Kraus; * * *."
After the assignment to the appellant, a partial final decree of foreclosure against the leasehold estate was entered by the chancellor. The leasehold estate was sold thereunder and purchased by the appellee, Kraus, who then assigned it to the appellee, Tamiami Aviation, Inc. The appellees then sought a writ of assistance to obtain possession of the leasehold estate, and the writ which is the subject matter of this appeal was issued, reading in part as follows:
"That the petitioners are entitled to the possession of the leased premises as described in the lease, dated July 15, 1956, entered into between the Board of County Commissioners of Dade County, Florida, as Lessors, and the Liberty School of Aviation, Inc., as Lessee, and subject to the terms of said lease."
Appellant urges that no writ could have been issued without joining lessor, as it was an indispensable party to the proceedings, it being conceded that the Port Authority did not consent in writing to the execution of the mortgage. The propriety of proceedings without joinder of an indispensable party may be raised at any stage of the proceedings, although a different rule would apply as to proper or necessary parties. Martinez v. Balbin, Fla. 1954, 76 So.2d 488. An indispensable party has been defined as one who has "* * * an interest of such a nature that a final decree cannot be rendered between other parties to the suit, * * *." 24 Fla.Jur., Parties, § 3.
A non-assignable clause does not prevent a mortgage of the lessee's interest in the leasehold estate. Provisions restricting the power of the lessee to transfer his term are traditionally construed very strictly and in favor of alienation to the greatest extent possible. Boyer, Florida Real Estate Transactions, 1219. Further, such a restriction is solely for the benefit of the lessor and his assigns and may be waived by those for whose benefit it was included. Farmers' Bank & Trust Co. v. Palms Publishing Co., 86 Fla. 371, 98 So. 143; Baker v. Clifford-Matthew Investment Co., 99 Fla. 1229, 128 So. 827. Since a mortgage in Florida is not a transfer of title to the leasehold, but merely a lien upon it, § 697.02 Fla. Stat., F.S.A., the voluntary action of a lessee in mortgaging the leasehold is not such a transfer as would violate a non-assignable *610 provision. Even if such a mortgage did violate the covenant against assignment, that fact would not have any effect on a case such as the one at bar, since a violation of a covenant against assignment without consent is nevertheless a binding assignment between the lessee and his assigns which passes the leasehold estate, subject to the option of the lessor to forfeit the lease for breach of the covenant. Chapman v. Great Western Gypsum Co., 216 Cal. 420, 14 P.2d 758, 85 A.L.R. 917. Nor would any transfer that may be occasioned by a default in the mortgage fall within the confines of a non-assignable clause, since this would be an involuntary transfer by operation of law. Similar provisions in cases arising in other jurisdictions have been held not to be violated by actions or proceedings in the nature of execution, Hockman v. Sunhew Petroleum, 92 Mont. 174, 11 P.2d 778; bankruptcy, Miller v. Fredeking, 101 W. Va. 643, 133 S.E. 375, 46 A.L.R. 842; mortgage foreclosure, Riggs v. Pursell, 66 N.Y. 193, approved in Dunlop v. Mulry, 85 App.Div. 498, 83 N.Y. 477, 1104; or assignments as security for an indebtedness, Crouse et al. v. Michell et al., 130 Mich. 347, 90 N.W. 32.
This litigation is between the appellant as the successor to the original lesseemortgagor, and the mortgagee and his successor through foreclosure sale and assignment. The rights between these parties are separate and distinct from any rights which the lessor may have or which would be an issue between the lessor and its tenant under the lease; and we do not here decide any of the rights of the lessor under this lease. The chancellor having specifically recognized the paramount interest of the lessor in the leasehold estate on the issuance of the writ of possession, it is clear that the Dade County Port Authority, as the lessor, was not an indispensable party to these proceedings. Therefore, the issuance of the writ of possession is affirmed.
Affirmed.