156

**WEINHARDT, et ux v. M & M BUILDERS, Inc., et al.**
No. C-65-333.
Circuit Court, Broward County.
January 16, 1967.

Paoli & Paoli, Hollywood, for plaintiffs.

Robert W. Palmer, Miami, and Yeslow & Burnstein, Hollywood, for defendants.

LAMAR WARREN, Circuit Judge.

*Final decree:* This cause was duly presented by counsel after notice upon final hearing, the plaintiffs praying that a sublease made between the defendant M & M Builders, Inc., as lessor, and the defendant Imperial Westbury, Inc., as lessee, be declared null and void and be cancelled of record; and that M & M Builders, Inc. be required specifically to perform in accordance with the terms and provisions of a prior base lease between the plaintiffs, as lessors, and M & M Builders, Inc., as lessees, by

assigning said base lease within a given time to Imperial Westbury, Inc.

The issue involved is whether the terms of the base lease prevented subletting by M & M Builders to Imperial Westbury, it being plaintiffs' position that under the lease M & M Builders was required to assign the lease to Imperial Westbury and that the subletting which occurred was prohibited.

The pleadings, evidence and memoranda of law have been carefully examined, and an independent research has been conducted.

In 32 Am. Jur., Landlord and Tenant, §394, it is said that — "It is well settled that in the absence of restrictions thereon by the parties, or of statutory prohibitions, a tenant under a lease for a definite period may sublet the premises in whole or in part, and in order that a lessee may grant a sublease, it is not necessary that he be in possession of the demised premises, his right to sublet not being dependent upon his possession. Thus, a lessee may before entry make a good lease. The only limitation on the common law right of a lessee to sublet the premises is that they cannot be sublet to be used in a manner inconsistent with the terms of the original lease, or injurious to the premises."

It is stated in 51 C.J.S., Landlord and Tenant, §31, that — "In the absence of statutory or contractual requirements to the contrary, discussed infra §§32, 33, a lessee for years may, without the lessor's consent or an express provision in the lease, either assign, sublet, or mortgage or otherwise encumber the term granted by the lease."

And in 20 Fla. Jur., Landlord and Tenant, §64, it is commented that — "The common law right of a lessee to sublet may be expressly restricted by a covenant or stipulation against subletting."

In Great Southern Aircraft Corporation v. Krauss, Fla., 132 So.2d 608, 609, is found the statement that — "Provisions restricting the power of the lessee to transfer his term are traditionally construed very strictly and in favor of alienation to the greatest extent possible. (citation) Further, such a restriction is solely for the benefit of the lessor and his assigns and may be waived by those for whose benefit it was included."

The main documentary evidence in this cause is the base lease, the sublease, and the articles of incorporation of Imperial Westbury.

Plaintiffs rely on the language of the base lease, in addition to the testimony of the principal witnesses, that subletting of the premises was not intended and was prohibited, stating that the base lease refers only to assignment and is mandatory in its terms that the lease shall be assigned to a cooperative apartment; that the lease provides that no assignment shall be effective until a recorded instrument setting forth such assignment is delivered to the lessors; and that the base lease provides that no assignment shall be effective until a recorded instrument setting forth such assignment is delivered to the lessors; and that the base lease provides that no modification of the lease shall be effective unless in writing. Certain parts of the lease have been called to the court's attention.

On page 2 of the lease, under article III, section A, it is provided that — "Rentals hereunder shall commence June 1, 1964 or on the date when this lease shall be assigned to a cooperative apartment corporation, whichever shall first occur." The court does not consider this a mandatory requirement that the lease shall be assigned, but rather the fixing of a date for the commencement of rentals. If no assignment were made to a cooperative apartment corporation before June 1, 1964, the rent was to commence on the date fixed; if no assignment occurred after such date, the rent was past due as of June 1, 1964.

On pages 16 and 17, the lease under article XI provides that, "This lease is freely assignable," and there are further provisions, upon assignment, for the lessee, assignor and every succeeding lessee becoming an assignee to be relieved of all personal liability; that no assignment or transfer is to be valid unless and until the assignee shall expressly assume and agree to perform the covenants of the lease, said assignment to be deemed valid upon the assignment and assumption agreement being filed and an executed original delivered to the lessor. These provisions however only apply if there is an assignment of the lease.

On page 31, under article XXI, section D, there is a provision that any modification, release, discharge or waiver of any provision of the lease must be in writing and signed; and section F provides that the instrument contains the entire agreement and that the execution has not been induced by representations, promises or understandings not expressed therein. These provisions are not interpreted as preventing a subletting.

The lease has been otherwise inspected in full.

While there was a sharp conflict in the evidence as to whether the sublease was discussed with the plaintiffs before the date it

was entered into, there was evidence that Mr. Weinhardt prior to that date was familiar with the printed form of purchase agreement for the purchase of apartments, which form contained language indicating that the status of Imperial Westbury was or would be that of lessee instead of assignee, although his testimony was that he did not know of the sublease until November, 1964. The lease was actually entered into April 20, 1964, and recorded May 22, 1964.

In view of the terms of the base lease, and of all the evidence, it is ordered, adjudged and decreed that the complaint be and the same is hereby dismissed, with costs taxed against the plaintiffs.