WILLIAM H. W. YOUNGS, Plaintiff, *v.* CLARISSA GOODMAN et al., Defendants, WALTER G. HERBERT, as Ancillary Administrator of LOUISE MONTES, Deceased, Appellant.

PHILIP BEROLZHEIMER, Chamberlain of the City of New York, Respondent.

*Partition — dower — gross sum deposited with chamberlain of city of New York in lieu of dower — amount properly paid to husband upon death of wife without making claim thereto.*

*Youngs* v. *Goodman,* 214 App. Div. 497, affirmed.

(Argued March 29, 1926; decided April 7, 1926.)

APPEAL, by permission, from two orders of the Appellate Division of the Supreme Court in the first judicial department, entered November 27, 1925, which affirmed two orders of Special Term, the first of which denied a motion to vacate an *ex parte* order directing payment of certain moneys on deposit with the chamberlain of the city of New York in a partition action, and the second of which denied a motion for payment of said moneys to the appellant herein.

The following questions were certified: " 1. Did the Supreme Court at Special Term, subsequent to the final judgment in partition, herein, dated May 13, 1912, and subsequent to the order of the Supreme Court, dated July 22, 1912, entered upon the application of the defendant, Harry E. Montes, which order directed that the sum of One thousand six hundred · thirty-three and 81/100 ($1,633.81) Dollars be deposited with the Chamberlain of the City of New York as and for a gross sum to which Louise Montes, a defendant, wife of Harry E. Montes, was entitled in lieu of her dower interest in the proceeds of sale in such partition, have the power, right and authority, *ex parte* and without notice, to direct the payment of the said sum so deposited, to Harry E. Montes, instead of Louise Montes, by reason of the death of the said Louise Montes, without her, during her lifetime, having asserted her right thereto?

" 2. Was the order made by Mr. Justice Finch on January 29, 1921, sufficient authority to justify payment

by the Chamberlain of the City of New York of the funds therein mentioned to Harry E. Montes?

" 3. Did the order of January 29, 1921, show on its face that the Court was without jurisdiction to make it?

" 4. Was any duty imposed upon the Chamberlain of the City of New York to verify the recital in the order of January 29, 1921, ' that no other party to this action, or other person has any share or interest in the sum of money still remaining on deposit with the Chamberlain of the City of New York to the credit of this action, and adjudged and directed to be paid to the said Louise Montes, now deceased, save and except the petitioner, Harry E. Montes, her surviving husband? ' "

*Harry M. Lewy* for appellant.

*George P. Nicholson*, Corporation Counsel (*William E. C. Mayer* and *Walter B. Caughlan* of counsel), for respondent.

Orders affirmed, with costs; first question certified answered in the affirmative; other questions not answered; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of PETER GOLDENBERG, Respondent, *v.* WILLIAM E. WALSH et al., Constituting the Board of Appeals of the City of New York, Appellants.

*New York city — zoning law — erroneous reversal of determination of board of appeals denying permission to alter stores into garage.*

*Matter of Goldenberg* v. *Walsh*, 215 App. Div. 396, reversed.

(Argued March 29, 1926; decided April 7, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 5, 1926, which affirmed an order of Special Term sustaining an order of certiorari and annulling a determination of the board of appeals of the city of New York denying the application of the petitioner for