In the Matter of the Application of ARTHUR J. MORGAN, Respondent.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, Appellant; MORTGAGE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Argued January 6, 1938; decided March 8, 1938.

*Harry Rodwin, Irving H. Jurow, Joseph Lapidus* and *William A. Shea* for appellant. The right of the company and of the Superintendent of Insurance as its rehabilitator to retain the one-half of one per cent differential was a valuable contract right of which they could not be deprived in the absence of actual default. (*Matter of Bond & Mortgage Guarantee Co.* [*Bloom*], 243 App. Div. 368;

*Matter of New York Title & Mortgage Co.*, 157 Misc. Rep. 271; 248 App. Div. 715; 272 N. Y. 556; *Matter of Lawyers Mortgage Co. [London]*, 153 Misc. Rep. 536; *Matter of People [Title & Mortgage Guarantee Co.]*, 264 N. Y. 69; *President of Manhattan Co.* v. *Prudence Co.*, 266 N. Y. 202; *Matter of Nemerov*, 149 Misc. Rep. 797; *Matter of New York Title & Mortgage Co. [Mannix]*, 153 Misc. Rep. 537; *Matter of People [Lawyers Title & Guaranty Co.]*, 265 N. Y. 20; *Matter of Bond & Mortgage Guarantee Co.*, 271 N. Y. 452; *Kline* v. *275 Madison Ave. Corp.*, 149 Misc. Rep. 747; *Matter of People [Lawyers Title & Guar. Co.]*, 265 N. Y. 20.)

*Abraham N. Geller, Bernard A. Saslow* and *Leonard B. Frutkin* for petitioner, respondent. The disability of the guaranty company which rendered performance of its guaranty impossible constitutes a failure of consideration rendering inoperative the agreement between it and the certificate holders. In return for such guaranty and by way of premium payment therefor the guaranty company was originally given the right to retain the differential between interest guaranteed to certificate holders and interest receivable from the mortgagor, and the consideration therefor having failed, the guaranty company is thereby disentitled to retention of the differential. (*Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415; *Bowers* v. *Lawyers Mortgage Co.*, 285 U. S. 182; *People* v. *Empire Mut. Life Ins. Co.*, 92 N. Y. 106; *Matter of People [New York Title & Mort. Co.]*, 149 Misc. Rep. 488; *Matter of People [Lawyers Title & Guar. Co.]*, 265 N. Y. 20; *President & Directors of Manhattan Co.* v. *Prudence Co.*, 266 N. Y. 202; *Matter of People [Bond & Mortgage Guar. Co.]*, 267 N. Y. 419.) Chapter 745 of the Laws of 1933 and subsequently enacted statutes, as well as the order entered in the proceeding for the rehabilitation of the guaranty company, require the distribution of the excess differential to the certificate holders. (*Home Bldg. & Loan Assn.* v. *Blaisdell*, 290 U. S. 398.)

*Maurice Finkelstein, Michael F. Dee, Louis Glickhouse* and *Arthur Rosenberg* for Mortgage Commission of the State of New York, respondent. While the operation of the company's guaranty was in abeyance the company had no right to the premium for such guaranty. (*Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415; *Matter of Westover, Inc.*, 82 Fed. Rep. [2d] 177; *Matter of New York Title & Mortgage Co.*, 160 Misc. Rep. 67; *Matter of Lawyers Title & Guaranty Co.*, 157 Misc. Rep. 516; *Bowers* v. *Lawyers Mortgage Co.*, 285 U. S. 182; *United States* v. *Home Title Ins. Co.*, 285 U. S. 191; *Matter of People* [*N. Y. Title & Mtge. Co.*], 265 N. Y. 30; *People* v. *Empire Mut. Life Ins. Co.*, 92 N. Y. 105; *Matter of People* [*Bond & Mortgage Guarantee Co.*], 267 N. Y. 419; *Matter of Title & Mortgage Guarantee Co.*, 243 App. Div. 227; 267 N. Y. 533; *Matter of People* [*Lawyers Title & Guarantee Co.*], 265 N. Y. 20; *President & Directors of Manhattan Co.* v. *Prudence Co.*, 266 N. Y. 202; *Dolan* v. *Rodgers*, 149 N. Y. 489; *Sokoloff* v. *National City Bank*, 239 N. Y. 158; 250 N. Y. 69.)

*Sidney Kaminsky* and *Sidney Harris* for Clarence Horwitz, as trustee, respondent. Since the mortgage company had ceased to furnish the protection for which the premium was payment, it may not retain the unearned premium. (*Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415; *Bowers* v. *Lawyers Mortgage Co.*, 285 U. S. 182; *United States* v. *Home Title Ins. Co.*, 285 U. S. 191; *Matter of Union Guarantee & Mortgage Co.* v. *Van Schaick*, 75 Fed. Rep. [2d] 984; 296 U. S. 594; *Matter of People* [*Bond & Mortgage Guarantee Co.*], 267 N. Y. 419; *Matter of New York Title & Mortgage Co.*, 157 Misc. Rep. 271; 248 App. Div. 715; 272 N. Y. 556; *Matter of Title & Mortgage Guarantee Co.*, 152 Misc. Rep. 428; 243 App. Div. 227; 267 N. Y. 553.)

LEHMAN, J. The petitioner, Arthur J. Morgan, is the holder of participation certificates in a mortgage upon premises in the borough of Manhattan. The mortgage

bears interest at the rate of six per cent and requires the mortgagor to pay installments of principal to amortize the mortgage indebtedness. The certificates were issued by New York Title and Mortgage Company. They define the contractual relations between the holders and the mortgage company. These certificates provide among other things that the company guarantees " payment of interest at the rate of 5½ per cent per annum, *when the same shall have become due* under the terms of said bond and mortgage." The company also guarantees payment of the principal sum secured by said bond and mortgage as and when collected but " *in any event within eighteen months after payment shall be demanded by the assured.*" By the terms of the certificate " the company is appointed irrevocably by the assured as the agent of the assured to collect, sue for and receive the principal and interest secured to be paid by said bond and mortgage " and " any excess of interest collected by the Company on said bond and mortgage beyond the rate above mentioned in this certificate shall belong to the Company." This differential of one-half of one per cent is the stipulated compensation or consideration which the company receives for the obligations it has assumed in the certificates issued by it.

On May 1, 1933, and on succeeding due dates, the mortgagor failed to pay amortization installments of principal due on that date. Interest and taxes have been paid. At that time the New York Title and Mortgage Company was doing business but, like other mortgage guaranty companies, under restrictions imposed by the Superintendent of Insurance pursuant to authority conferred upon him by chapter 40 of the Laws of 1933. The company was forbidden to make any payment of principal or interest, due to holders of certificates, except from net income that the guaranty company might receive from the mortgage in which such holders were interested. The company continued to collect interest at the rate

of six per cent from the mortgagor and paid to each certificate holder interest at the rate of five and one-half per cent. It retained one-half of one per cent as provided in the mortgage.

On August 4, 1933, an order of rehabilitation of the company was made and entered pursuant to the provisions of sections 401 and 402 of the Insurance Law (Cons. Laws, ch. 28). The Superintendent of Insurance was directed to take possession of the property of the company and to conduct its business. Acting through an agent he continued to collect the interest on the mortgage and, after paying over to the certificate holders interest at the guaranteed rate of five and one-half per cent, he retained for the company, out of the money collected, the stipulated compensation of one-half of one per cent. In July, 1935, an order of liquidation was made and entered. The Superintendent of Insurance continued to collect the interest due upon the mortgage and, after paying to the holders of certificates interest as guaranteed, he continued to retain the balance collected, until the petitioner obtained an order to show cause why the Superintendent should not account to and pay over to the certificate holders the one-half of one per cent differential retained by him, after deducting the reasonable expenses or charges for servicing the mortgage.

There has been no default on the part of the mortgage company upon its guaranty. It guaranteed payment of interest when due and the mortgagor has paid the interest on the due date. It promised to see that taxes were paid and the taxes have been paid. It guaranteed payment of installments of principal but only when collected or " within eighteen months after payment shall be demanded by the assured," and it is undisputed that, with exception unimportant here, no such demand has been made. On the other hand, at all times since March, 1933, the company was acting under legal restrictions

and in financial difficulties which would have prevented it from carrying out its guaranty if demand had been made. For that reason the courts below have held that the company and the Superintendent of Insurance may retain out of the differential in interest, allowed to it as consideration for its guaranty, only the reasonable cost and expense of collecting the interest and servicing the mortgage. For that conclusion the courts have found support in our recent decision in *Matter of People (Bond & Mortgage Guarantee Co.)* (267 N. Y. 419).

The analogy to that case is incomplete. There, an owner of an entire guaranteed mortgage claimed, on equitable grounds, the right to terminate the contract of guaranty and to release the guarantor from its guaranty when the value of the guaranty was " impaired by the force of uncontrollable supervening events " (p. 426). When the petitioner, seeking relief for the future, invoked the equitable powers of the court, we held that " the substantial injustice of the present one-sided result dictates the answer that the bank [the holder of the mortgage] should be absolved when the guarantee company is released." In the present case the petitioner has been awarded moneys which the Superintendent of Insurance claims constitute the agreed compensation for a contractual obligation assumed and fully performed by the mortgage company. If *under the terms of the contract* these moneys belong to the company or its liquidator, the moneys cannot be taken away on " equitable " grounds. We find, however, that even upon strict principles of law the order of rehabilitation terminated the right of the mortgage company to retain the one-half of one per cent differential in interest as compensation for its guaranty. By force of that order, the functions of the company were suspended except in so far as the Superintendent of Insurance might choose to act in its place and, in consequence, some of the contractual obligations of the company and its correlative contractual rights were terminated, or at least became dormant.

The order of rehabilitation must be read in connection with the provisions of the Schackno Act (Laws of 1933, ch. 745). We have, in other cases, pointed out that this act constitutes the exercise of extraordinary legislative powers to meet an extraordinary economic situation. The Superintendent of Insurance becomes in effect a statutory receiver of companies in rehabilitation or liquidation. His powers and his rights with respect to mortgage investments are defined by the statute. These he may " take over, administer, exercise, conduct, execute and manage " or he " may restrict, limit, govern, control, direct and regulate, any or all of the functions of any guaranty corporation " (§ 3) and specifically he may " receive, collect and sue for the interest and principal of the bonds, mortgages and other security held by such guaranty corporation " and he may " *deduct from any sum so obtained a reasonable amount to cover the costs and expenses of any such collection* " (§ 4).

We read in these provisions a legislative intent to limit the amount which the Superintendent may retain. Concededly, after a company has been placed *in liquidation*, it will be unable to carry out its guaranty and it should be entitled to no further compensation for an obligation it cannot perform. It is true that while the company is *in rehabilitation*, theoretically at least, " further performance of the form of this policy is still possible " (*Matter of People* [*Bond & Mortgage Guarantee Co.*], *supra*), and if hereafter any case should ever arise where rehabilitation of a mortgage guarantee company is successfully completed and the guaranty is continued by a solvent company, then, perhaps, the company, if it has not defaulted upon its guaranty, may be entitled to retain the stipulated consideration for its guaranty. That question is not here. The effect, however, of a rehabilitation order, followed by a liquidation order, is not merely to postpone payment due under a guaranty, but from the date of the rehabilitation order the guaranty has been in abeyance

and has never been revived. In such case, the Superintendent of Insurance may retain only the reasonable cost and expense of collecting the interest. The Legislature has so provided.

The part of the order which provides that the holders of certificates are also entitled to part of the differential retained by the company before the order of rehabilitation was made is interlocutory only and is not subject to review upon this appeal. We should point out, however, that what we have said leads to the conclusion that the company has the right to retain this differential in full and that a final decree for its payment to the holders of certificates would inevitably be reversed on appeal. Therefore, no accounting to determine the reasonable cost and expense of services rendered would serve any purpose. The restrictions before the order of rehabilitation were imposed in accordance with the statutes, were general and were intended to be temporary. Payment under the guaranty might be postponed, but the obligation under the guaranty remained in full force.

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Order affirmed.