Tn the Matter of MORTGAGE COMMISSION OF THE STATE OF NEW YORK (22 to 34 Arden Street, Manhattan; LAWYERS MORTGAGE COMPANY, Mortgage No. 19,445).

Supreme Court, Additional Special Term, New York County, April 13, 1938.

*Hetkin, Rubin & Hetkin,* for Jules Adell, as trustee, etc.

*Walter B. Herendeen* [*Stephen F. Maher* of counsel], for the Superintendent of Insurance of the State of New York.

*Maurice Finkelstein,* for the Mortgage Commission.

FRANKENTHALER, J. To the extent that various kinds of relief are sought in relation to the $875 alleged to have been received in March and April, 1933, the motion is denied. There is no claim that the $875 was recouped from the rents of the property. Assuming that the company violated the regulations of the Superintendent of Insurance, that would not avail the certificate holders and make improper as against them what was otherwise a proper recoupment.

In so far as an adjudication is sought that the uncertificated portion is subject and subordinate in all respects to the portion represented by certificates, the motion is granted.

The $3,585.60, $119.62 and $11.28 should first be applied to paying the difference between the guaranteed rate of interest of five and one-half per cent per annum and the rate of interest of five per cent per annum provided for in the extension agreement, for the period commencing when the five per cent rate went into effect and terminating on November 17, 1937, the date of the order placing the guaranty company in liquidation. The excess is to be applied in reduction of principal.

The relief applied for in regard to servicing fees is granted as to the period from August 4, 1933, to May 20, 1935, to the extent of fixing the servicing fee at five-sixteenths of one per cent per annum and directing remittance of the excess to the trustee to be applied on account of interest, and is denied in so far as it relates to the period prior to August, 1933, the date of the order of rehabilitation. (*Matter of Morgan*, 277 N. Y. 203.)

The motion is granted to the extent indicated. Settle order.

Motion for reargument, June 24, 1938.

FRANKENTHALER, J. (1) The liquidator, in effect, concedes that the recent decision of the United States Supreme Court (*Ticonic National Bank* v. *Sprague*, 303 U. S. 406; 58 S. Ct. 612) entitles the certificate holders to enforce their rights against their security until their claims to principal and interest have been satisfied. The motion is accordingly granted in so far as it seeks permission to apply the moneys distributable on the subordinate equity until full payment to the certificate holders of principal and interest at the guaranteed rate, and not merely until November 17, 1937, the date of the order of liquidation.

(2) The petitioner contends that no servicing fees should be paid to the liquidator for the period commencing February 1, 1933, and expiring August 4, 1933, when the company was placed in rehabilitation.

(a) He argues that during the period prior to March 15, 1933, when the Superintendent's regulations went into effect, the company was not entitled to any servicing charge since the certificates permitted it to retain "any excess of interest collected by the company * * * above the rate guaranteed by the company" and no such excess of interest was collected by the company during that period. The fact is, however, that the company had advanced the interest due to certificate holders up to and including February 1, 1933, from its own funds and was not in default in its obligations to the certificate holders for the payment of such interest. Subsequently, long after March 15, 1933, the interest was collected and the company is, therefore, in the court's opinion, entitled to the

servicing charge. The provision of the certificate to the effect that the company might retain " any excess of interest collected by the company * * * above the rate guaranteed by the company " does not specify the time when the collection must be made. *Whenever* the interest is collected, there being no default on the part of the company, the latter is entitled to the excess above the guaranteed rate, and this should be true regardless of whether the company or the Mortgage Commission collected the excess.

(b) The petitioner further maintains that for the period commencing March 15, 1933, the company is not entitled to any servicing charge because the Superintendent's regulations which went into effect on that date prohibited it from retaining the usual one-half of one per cent fee where it did not actually collect interest from the mortgagors or owners of the properties involved. This argument might be a valid one while the interest remained uncollected but, as previously observed, the interest was subsequently collected. In the court's opinion, the Superintendent's prohibition against the company's retention of the usual one-half of one per cent fee was intended to apply only so long as the interest remained uncollected, and not after actual collection thereof.

It follows that to the extent that the company and/or the liquidator have received payment of the fee of one-half of one per cent for the period prior to August 1, 1933, the payment may be retained by the company and/or the liquidator. If any part of the fee for said period has not yet been paid to the company and/or the liquidator, it should be paid to the petitioner and not to the liquidator, since the company has been in default on its guaranty of the principal amount of the mortgage since the mortgage matured on November 10, 1936. The extension agreement with the owner, pursuant to the plan of reorganization approved by the court, did not purport to discharge the company's guaranty or to postpone its liability thereon. The petitioner, therefore, possesses an offset to the company's claim to that part of the fee which is at present retained by the Mortgage Commission, which offset is much larger in amount, viz., the principal amount of the mortgage. The fee should not be paid over to the liquidator under the circumstances.

For the period commencing August 1, 1933, and expiring August 4, 1933, the company was not entitled to any servicing fee in view of the fact that the interest payable to certificate holders on August 1, 1933, was not paid. The case is distinguishable from *Matter of Morgan* (277 N. Y. 203), in that there, according to the opinion of the Court of Appeals, the company was not in default prior to

rehabilitation. If the liquidator has received payment of any part of the fee for the period from August 1, 1933, to August 4, 1933, the same should be paid over to the petitioner.

The motion, in so far as it relates to the question of servicing fees, is granted to the extent of directing the Mortgage Commission to pay to the petitioner any funds in its possession which have been reserved for the payment to the liquidator of servicing fees, and to the further extent of directing the liquidator to pay over to the petitioner such sums, if any, as have been received by him on account of servicing fees for the period from August 1, 1933, to August 4, 1933.

Settle order.