In the Matter of the Liquidation of LAWYERS MORTGAGE COMPANY.

Supreme Court, Additional Special Term, New York County, June 28, 1938.

*Maurice Finkelstein* [*Raymond A. Tierney* and *Solomon J. Heifetz* of counsel], for the Mortgage Commission of the State of New York.

*Sylvester & Harris* [*Leon Leighton, Sidney Harris, Charles L. Sylvester* and *Sidney Kaminsky* of counsel], for the Brentmore Estates, Inc.

*McLanahan, Merritt & Ingraham,* for the reorganization managers of the Lawyers Mortgage Company.

*Walter B. Herendeen,* for the Superintendent of Insurance of the State of New York.

FRANKENTHALER, J. The relief sought in paragraph 1 of the notice of motion is consented to by the Superintendent of Insurance, as liquidator of Lawyers Mortgage Company, with one exception. The notice of motion asks that the order provide that the subordinate interests of the company should not be entitled to share

in distribution " until said certificate holders other than the Company shall have received the full amount of principal and interest guaranteed." The Superintendent asks that the order provide instead that the company receive " so much as may remain after paying whatever may be due to the certificate holders of principal and interest " on their certificates. In the court's opinion the certificate holders are entitled to be paid the principal amount of their certificates plus interest at the full guaranteed rate before the title company is entitled to share in any distribution. The final orders in the reorganization proceedings affecting the issues involved in paragraph 1 of the notice of motion all provide that the liability of Lawyers Mortgage Company shall continue " in accordance with the provisions of the law." These provisions are proper under section 7 of the Schackno Act (Laws of 1933, chap. 794) and section 25 of the Mortgage Commission Act (Laws of 1935, chap. 19), each of which provides that the liability of any guaranty corporation with respect to mortgage investments sold, issued, distributed or guaranteed by it shall not be discharged by any action taken pursuant to the act " except as otherwise expressly provided in any * * * plan or agreement promulgated and approved as herein provided." The motion is accordingly granted as to paragraph 1.

A similar situation exists in respect of the relief sought in paragraph 6 of the notice of motion except that the orders approving plans for reorganization of the issues referred to in said paragraph contain provisions that the guaranty shall continue, but that the amount of the interest guaranteed to certificate holders shall be the gross amount of interest called for in the plans, less certain service charges. In view of the fact that a proceeding is now pending in which the final orders containing said provisions are sought to be modified, the petitioner states that it is willing that the order to be entered hereon provide that distribution be made as follows: *first*, interest is to be paid *at the reduced rate*, and *second*, the full amount of principal guaranteed to certificate holders, other than the company, is to be paid, " but if arrears of taxes, water charges or assessments exist, then the Mortgage Commission may use said sums to pay said arrears as it deems necessary for the best interests of certificate holders, other than the Company." It is requested that this disposition be without prejudice to the right of the Commission or any successor trustee to apply for an order authorizing the use of said sums to pay interest *at the guaranteed rate* and then the full amount of principal. The relief sought in paragraph 6 will be granted to the extent indicated in said suggestion of the petitioner.

The relief sought in paragraphs 2, 3, 7 and 8 of the notice of motion is also consented to except that the Superintendent maintains that the running of interest at the guaranteed rate or the reduced rate, as the case may be, should cease on November 17. 1937, the date of the order of liquidation. Since the filing of the Superintendent's affidavit herein he has indicated, in another proceeding (*Matter of Lawyers Mortgage Co., Series 19,445* [*Arden Street*], 168 Misc. 810, 812) that in view of the recent decision of the United States Supreme Court in *Ticonic National Bank* v. *Sprague* (303 U. S. 406; 58 S. Ct. 612) interest should run until full payment of principal. The certificate holders are accordingly entitled to retain their prior interest in the security until they have been paid the full amount of principal plus interest *to the date of actual payment of said principal.* The relief sought in paragraphs 2, 3, 7 and 8 is accordingly granted.

Paragraphs 4, 5, 9 and 10 seek (1) an adjudication that the petitioner has valid trust claims for all amounts applied or retained by the company as interest and principal on its equities for the period commencing March 15, 1933, and expiring August 2, 1933, the date of the order of rehabilitation, and (2) an order of segregation of the amounts so applied or retained. In the court's opinion, prior to the order of rehabilitation the company had the right, while it was not in default in its obligations to the certificate holders, and while no taxes, assessments or water charges were in default, to receive interest and principal on its own equities in the issues involved. (Cf. *Matter of Morgan*, 277 N. Y. 203.) In this respect no distinction exists between servicing fees which were involved in *Matter of Morgan* (*supra*) and payments on subordinate equities. It does not appear from the papers now before the court to what extent defaults on the company's obligations or in respect of taxes, water rates and assessments, existed in connection with each of the issues which are the subject-matter of the present application. The petitioner is entitled to relief in regard to payments on the company's equities only to the extent of such defaults. The motion is accordingly denied as to paragraphs 4, 5, 9 and 10, but without prejudice to the commencement of separate proceedings for each of the issues involved in which the facts regarding the existence of defaults shall be set forth.

The relief sought in paragraph 11 is granted.

The motion is granted to the extent indicated.

Settle order.