In the Matter of the Rehabilitation of HOME TITLE INSURANCE COMPANY.

In the Matter of a Proposal or Plan of MORTGAGE COMMISSION OF THE STATE OF NEW YORK to Exercise Certain of Its Limited Powers with Respect to a Certain Mortgage Covering Premises Known as 1259 East 13th Street, Borough of Brooklyn, County of Kings, City and State of New York, Securing Mortgage Investments Issued and Guaranteed by HOME TITLE INSURANCE COMPANY, under Mortgage No. 19103 of that Company.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Rehabilitator of HOME TITLE INSURANCE COMPANY, Appellant, Respondent; BESSIE GOLDMAN and MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondents, Appellants; FREDERICK L. CRANFORD, as Trustee under Declaration of Trust, and Others, Respondents.

Second Department, December 31, 1938.

*Samuel R. Feller* [*Joseph Lapidus* with him on the brief], for the appellant, respondent, Louis H. Pink, Superintendent of Insurance.

*Alton S. Wolfert* [*Milton M. Rosenbloom*, with him on the brief], for the respondent, appellant Bessie Goldman.

*Michael F. Dee* [*Louis Glickhouse* and *Arthur Rosenberg* with him on the brief], for the respondent, appellant Mortgage Commission of the State of New York.

*Stanley S. Hawkes* [*Ralph W. Crolly* with him on the brief], for the respondent Frederick L. Cranford, as trustee under declaration of trust.

*Edward Hymes, Jr.,* for the respondent Eva E. Bloomingdale.

*George Roberts, amicus curiæ,* for the Stockholders Protective Committee of Home Title Insurance Company.

CLOSE, J. In spite of the cross-appeals, the sole question presented is whether holders of mortgage certificates who have consented in a reorganization plan to a reduction of interest may under the circumstances of this case compel the guaranty company to pay the difference between the interest received from the mortgagor and the amount of interest specified in the certificates. The mortgage involved in this proceeding was in the face amount of $225,000, which was subsequently reduced to $200,000. Home Title Insurance Company, the mortgagee, sold certificates, of which $93,700 are now outstanding. The remaining $106,300 represents certificates taken up by the guaranty company and now held by the Superintendent of Insurance as its rehabilitator. The certificates were to the effect that the company assigned to the purchaser an undivided share or interest in the bond and mortgage to the extent shown on the face of the certificates, " with interest guaranteed at the rate of 5½ per centum per annum," payable semiannually. The company also guaranted the payment of principal as soon as collected and in any event within twelve months after the due date.

In 1936, the mortgage being in default as to principal and interest, the Mortgage Commission promulgated a plan for the appointment of a trustee and a reorganization of the mortgage. By an order made on December 17, 1936, the plan was approved and declared binding on all interested parties. Included in the plan was the following:

" Guaranty:

" The liability of Home Title Insurance Company upon its guaranty shall not be discharged by reason of the promulgation or adoption of this Proposal or Plan, and the same shall continue in accordance with the provisions of the law."

A declaration of trust was executed and shortly thereafter the trustee entered into an agreement with the mortgagor, pursuant to the plan, whereby the mortgage was extended for three years and the interest rate was reduced from six per cent to four and one-half per cent. The extension agreement provided that the guaranty of Home Title Insurance Company was not to be released or discharged in any manner. From the time of the extension the interest was paid regularly and in full by the mortgagor, and the certificate holders received interest at the reduced rate. The declaration of trust provided that until a final judgment determining the rights of the guaranty company had been obtained,

its *pro rata* share of the proceeds of the trust should be held by the trustee in a separate non-interest-bearing account. By November, 1937, when this proceeding was commenced, the funds accumulated by the trustee in the separate account, representing interest on the guaranty company's share of the mortgage, amounted to $16,474.97.

By notice of motion dated November 30, 1937, the trustee applied for an order authorizing him to distribute the fund among the certificate holders, other than the rehabilitator of the guaranty company, on account of the principal of their certificates. The Superintendent of Insurance, as rehabilitator of the company, approved and joined in this application. Certain of the certificate holders thereupon took steps to compel the application of the fund toward payment of the difference between the interest received from the mortgagor and the amount guaranteed in the certificates. Bessie Goldman, the owner of a $10,000 certificate, purchased in 1928, made a cross-motion for an order (1) declaring the interest of the guaranty company in the mortgage subordinate to that of the certificate holders, and (2) directing the trustee to pay, first, the fund on hand in satisfaction of the differential in interest, and any balance remaining in reduction of principal. The Mortgage Commission approved the cross-motion and asked that the relief sought therein be granted. The Special Term held (1) that the share or interest of the guaranty company in the mortgage is subordinate to that of the certificate holders, and (2) that the liability of the company under its guaranty is not affected by the agreement with the mortgagor to reduce the interest rate, and that the company remains obligated to the certificate holders for the difference in interest. The conclusion was, therefore, reached that the certificate holders must be fully paid, both as to interest and principal, before any distribution could be made to the rehabilitator of the company. Consequently, the trustee's motion was denied, and by a separate order the cross-motion was granted except that the trustee was not permitted to make any payments of principal to the certificate holders prior to the final liquidation of the trust estate.

The Superintendent of Insurance appealed from both orders. Bessie Goldman and the Mortgage Commission appealed from only that part of the order, entered on the cross-motion, which denied the application for payments on account of principal. Since the entry of the orders the mortgage has been refinanced for a sum sufficient to pay the principal amount of the certificates in full, and such payment has been made. As a result the appeal of Bessie Goldman and the Mortgage Commission has become academic. The Superintendent of Insurance also states that he raises no

question as to the propriety of the determination that the guaranty company's share in the mortgage is subordinate to the rights of the certificate holders. All parties agree that the only question presented here is whether the certificate holders are entitled to the difference in interest.

Ordinarily, in the absence of statute, a guarantor is discharged from liability by any material alteration in the contract. (*Antisdel* v. *Williamson*, 165 N. Y. 372.) But here the statute expressly provides for a continuance of the guarantor's obligation. Section 25 of the Mortgage Commission Act (Laws of 1935, chap. 19) reads as follows: "Liabilities not discharged. The liability of any guaranty corporation or of any of its officers, directors, agents, servants, employees or other persons with respect to any mortgage investments sold, issued, distributed or guaranteed directly or indirectly by such corporation shall not be discharged by any action taken pursuant to this act, except as otherwise expressly provided in any proposal, plan or agreement promulgated and approved as herein provided."

In this case in the plan there was no provision for the *pro tanto* discharge of the guaranty company. On the contrary, the plan expressly provided that the company should not be discharged, and that its liability should continue " in accordance with the provisions of the law." The latter clause evidently refers to the foregoing section of the Mortgage Commission Act. We have, therefore, a case falling directly within the general provision of section 25 (*supra*), and not within the exception.

It is argued by the Superintendent of Insurance that section 25 is intended only to protect the certificate holders against a complete discharge of the guarantor's obligation, and not against a modification or reduction of the obligation. Such an interpretation is not permissible. The language of the statute is broad. The liability which is not to be discharged must be construed to mean any liability. The fact that an exception is made in the case of a plan which expressly relieves the guaranty company of liability confirms this interpretation; for a plan of reorganization would scarcely go beyond a modification of the company's liability, from which the conclusion follows that there cannot be even a partial discharge in the absence of an express agreement.

It is pointed out by the Superintendent of Insurance that section 25 of the Mortgage Commission Act is taken almost verbatim from section 7 of the Schackno Act (Laws of 1933, chap. 745). The argument is made that both statutes are part of a single legislative scheme designed to deal with the guaranteed mortgage problem; that the preamble of the Schackno Act indicates that its

provisions were intended to benefit the guaranty companies as well as other interested persons; and that consequently it could not have been intended that the guaranty companies should retain all their original liability while mortgagors receive the benefit of reductions in interest. This argument is without merit. Whatever may have been the purpose of the Schackno Act, the preamble of the Mortgage Commission Act shows that the welfare of mortgage investors was the dominant, if not the sole, objective. Even if it was intended that the guaranty companies were to share in the benefits of the statute, they do benefit by the system of orderly administration thereby created; and there is no reason to conclude that they were to receive special advantages not expressly conferred.

A contention is made by the Stockholders Protective Committee, as *amicus curiæ*, to the effect that a statute which permits the certificate holders to recover part of their interest from the guaranty company, and at the same time prevents the company from recouping its loss from the mortgagor, is unconstitutional in that it destroys a vested common-law right of action. It must have been the intent of the statute that the guaranty company cannot compel the mortgagor to reimburse it for the differential in interest; for unless a reorganization plan can be so framed that the mortgagor is completely protected against claims for interest at the original rate, there could be few reorganizations and the whole statutory scheme would be impaired. It is necessary to consider, however, whether the guaranty company is thereby deprived of proper constitutional protection.

The guaranty company could perform its contractual obligation by paying the certificate in full. It would then have a complete right of subrogation against the mortgagor. There would be no need of a reorganization, and the guaranty company would not be affected by the statute. But if the company elects to accept the advantages of the statute, breaches its contract to pay the investors, and leaves them to salvage their investment as best they can, the company is in no position to complain if ultimately it sustains some loss. It is not the statute which deprives the company of its right of action against the mortgagor, but rather its own breach of contract. It elects to take one remedy, that provided by the statute, in place of another which it had at common law and which it would retain in full if its contract were performed. Thus, no constitutional right is violated.

The orders should be affirmed, without costs.

LAZANSKY, P. J., DAVIS, ADEL and TAYLOR, JJ., concur.

Orders affirmed, without costs.