In the Matter of LAWYERS MORTGAGE COMPANY.

BRENTMORE ESTATES, INC., et al., Appellants; LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of Lawyers Mortgage Company, Respondent.

First Department, February 26, 1943.

*Leon Leighton* of counsel (*Charles L. Sylvester* and *Sidney Harris* with him on the brief; *Sylvester & Harris,* attorneys), for objectants-appellants.

*Edward F. Keenan* of counsel (*John B. Warner* with him on the brief), attorney for Superintendent of Insurance of the State of New York, as liquidator of Lawyers Mortgage Company, respondent.

TOWNLEY, J. The original orders reducing the interest rate upon the guaranties contained in the certificate issues involved herein were entered on consent. No appeal was or could be taken from such orders. Thereafter a motion was made before the late Mr. Justice FRANKENTHALER to modify these orders. The motion was not predicated upon any claim of error in form or substance, but upon the sole ground that in the light of what had been done in settling claims of certificate holders of other issues, the provisions of the earlier orders entered on consent had become "unjust." Special Term denied the motion on the ground that it lacked power to change these orders. Mr. Justice FRANKENTHALER's order was affirmed by this court (261 App. Div. 1055). Leave to appeal to the Court of Appeals was twice denied by this court (262 App. Div. 713; 262 App. Div. 1007 on reargument) and an appeal taken as of right to the Court of

Appeals was dismissed on the ground that the order was not final (286 N. Y. 624).

By these orders the interest rate upon the guaranties contained in these certificates has become fixed and determined. The action taken by this court in refusing to upset 229 settlements entered on consent is based not alone on the ground stated by Special Term, but also on the ground that no sufficient reason has been asserted to justify the exercise of any discretion that the court may have to reopen these consent decrees.

At the time the original orders reducing the guaranteed interest rate to be paid by the Lawyers Mortgage Company were made, there was, by agreement of the certificate holders, a corresponding reduction in the interest rate on the underlying mortgages. To continue the original guaranteed rate fixed by the company and reduce the rate fixed in the mortgages would impose on the company an absolute obligation to pay the difference between the two with no opportunity to collect from the owner of the property. This would unjustly increase the liability of the company to the detriment of its general creditors.

In connection with the equities of the situation consideration may be given to the facts stated in the affidavit submitted in opposition to the original motion that Brentmore Estates, Inc., was incorporated only two months before the company was taken over by the Superintendent of Insurance and practically all of the certificates held by it were acquired after that date.

The fact that plans of reorganization involving a reduction in the mortgage interest rate without any corresponding reduction in the interest rate upon the guaranties were approved in *Matter of Lawyers Mortgage Co. [Serviced Equities]* (168 Misc. 762, affd. 255 App. Div. 849) and *Matter of Home Title Ins. Co.* (255 App. Div. 635) affords no reason for modifying the settlements involved in this proceeding. In each of those cases there was no agreement on the part of the certificate holders that the interest rate fixed by the guaranties should be reduced to correspond with that of the mortgages. In the present case each of the plans involved contains such provisions. There were full hearings before the plans were approved in which the certificate holders had an opportunity to be heard and the orders as finally entered represented the considered agreement of the certificate holders and the Superintendent of Insurance.

We see no reason for destroying the status created by the prior orders of Special Term and by this court upon the sole ground that an arrangement different from the one made was legally

possible and that such an arrangement in some cases has been approved. The present order appealed from simply gives effect to the prior orders and should be affirmed.

The opposition on the part of the Superintendent of Insurance at the present time is based on the ground that it would be expensive to reopen and recompute the amounts to be paid to all the creditors in this liquidation. There is no doubt that there is great merit to that contention. We also think, however, that the rights of other creditors became fixed when these 229 settlements were made.

The order so far as appealed from should be affirmed on the law and the facts and in the exercise of discretion with costs and disbursements.

DORE, J. (dissenting). The consent to reduce the interest rate was given in 1933 at the request of the Superintendent of Insurance in efforts to rehabilitate the company under the Schackno Act. (L. 1933, ch. 745.) Such efforts failed and the company went into liquidation. The original motion herein, requesting a modification of all plans then pending by eliminating the reduced interest rate, was made in September, 1935. The order of liquidation was not entered until November 17, 1937. The court did modify other plans pending and undetermined and the other certificate holders have gained thereby.

The company is insolvent; creditors will not be paid in full; stockholders will receive nothing. The Mortgage Commission, the Superintendent of Insurance, and ninety-nine and ninety-six one hundredths per cent of all creditors do not object to the application. The only creditor objecting was a bank as trustee with a very small allowed claim; it had so little interest in the outcome that it filed no brief before us either on this or on the prior appeal. No one appeared in opposition on the prior appeal in this court or in the Court of Appeals. The Superintendent appeared as a co-appellant both as liquidator and statutory successor to the Mortgage Commission and urged in the interest of fairness and equity that the application be granted.

In that state of facts, it seems to me, that consents given while the company was in rehabilitation should not impel a court of equity to deprive appellants of their right to share equally in the assets in liquidation. " ' The fundamental basis underlying the standard or method for the determination of claims on guaranties is * * * that the creditor-claimant shall receive such allowance as will measure his actual loss.' " (*Matter of New York Title & Mortgage Co.*, 277 N. Y. 66, 75.)

The proceeding has now become an equitable proceeding for distribution of the assets of an insolvent guarantor. The whole

purpose of such liquidation is " to insure equitable treatment * * * and to avoid preferences." (*Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167, 171.) The guaranty company, having elected to accept the advantages of the statute and having breached its contract, is in no position to complain if ultimately it sustained some loss. (*Matter of Home Title Ins. Co.*, 255 App. Div. 635.)

This is not an action between private litigants where the court has no control over the fund and the proceeding is not still pending as in *Herpe* v. *Herpe* (225 N. Y. 323) which the Special Term originally considered controlling. This proceeding is still pending; no final order has been entered; the Court of Appeals so held when it dismissed the prior appeal " on the ground the order is not final." (*Matter of Lawyers Mortgage Co.*, 286 N. Y. 624.) The fund is still in court and this court has the power and should direct equal and equitable final distribution thereof. (*Youngs* v. *Goodman*, 240 N. Y. 470, 472; 242 N. Y. 575; *Matter of City of Buffalo*, 78 N. Y. 362, 370; *Moscow Fire Ins. Co.* v. *Bank of New York*, 280 N. Y. 286, 313, 324.)

It is now intimated that Brentmore Estates, Inc., purchased its certificates at bargain prices from original investors. But it should be clear that among the numerous other certificate holders who share fully without reduction of the interest rate, there are doubtless many who also purchased their certificates from the original investors. In any event, as the case comes before us, all certificate holders should stand on an equal footing and receive in liquidation that equality which established public policy requires.

It is also suggested that an additional payment of $515,700 to certificate holders in the 229 series involved is *de minimis,* and that the Superintendent should not have to recompute. I think there is no merit to this especially as the objectants offer to bear the expense of recomputation.

Similar interest reduction clauses given in connection with Shackno plans in four other companies have been released by judicial orders after the companies went into liquidation. These objecting certificate holders are the only ones who do not share ratably in the assets of the company.

Accordingly I dissent and vote to modify the order so far as appealed from and sustain appellants' objections.

UNTERMYER, COHN and CALLAHAN, JJ., concur with TOWN-LEY, J.; DORE, J., dissents in opinion.

Order, so far as appealed from, affirmed, with costs and disbursements to the respondent.