The Superintendent of Insurance appeals from an order insofar as it provides that the Superintendent of Insurance, as *944 liquidator of Lawyers Mortgage Company, as the holder of' a share or equity of $35,000 in the bond and mortgage affected by these proceedings, is not entitled to receive any payments thereon unless and until public certificate holders, including said Superintendent of Insurance, as holder of Certificate No. 72, have fully received interest due or to become due on their certificates at the rate of 5%% per annum, except for the period June 1, 1935, to June 1, 1937, and insofar as the said order further provides that the Brooklyn Trust Company, as trustee herein, is authorized and permitted to distribute all moneys in its hands, or which may hereafter come into its hands, representing interest payments, principal payments, or payments for the satisfaction or assignment of said bond and mortgage, first to the payment to public certificate holders of the full principal amount of their certificates, and then to said public certificate holders until they have fully received interest on said certificates on their unpaid principal amounts, due or to become due, at the rate of 5%% per annum, except for the period from June 1, 1935, to June 1, 1937. Order, insofar as appealed from, reversed on the law, with $10 costs and disbursements, and respondent trustee’s motion, insofar as it seeks the determination appealed from, denied, without costs. At the time of respondent trustee’s appointment, the bond and mortgage which were included in the trust estate had been extended, pursuant to a plan promulgated by the State Superintendent of Insurance as rehabilitator of the guaranty company, and approved by the court pursuant to the provisions of chapter 745 of the Laws of 1933 (Schackno Act). By the provisions of that plan, approved by certificate holders, the mortgage interest was reduced, during the period of the extension, and the guaranty of Lawyers' Mortgage Company was modified accordingly, by a corresponding reduction in the guaranteed interest rate provided to be paid to certificate holders. By consenting to the extension of the mortgage at the reduced rate of interest and the corresponding reduction of guaranteed interest rates, the certificate holders released the company from its guaranty, as to the rate of interest. (Matter of People [Union Guar, á Mtg. Co.], 285 N. Y. 337; Matter of Lawyers Mtge. Co. [Bentmore Estates], 265 App. Div. 532.) The reduction of interest rates during the period of the extension necessarily contemplated and effected a similar"reduction thereafter, and during the emergency period. (Civ. Prac. Act, § 1077-cc.) Carswell, Adel, Nolan and Sneed, JJ., concur; Hagarty, Acting P. J., not voting.