Stogop Realty Co., Inc., and Another, Appellants, v. National Surety Company and Another, Respondents.

First Department, February 6, 1925.

Landlord and tenant — action on bond given to secure performance by tenant of agreement to make certain alterations — not good defense by bond carrier that tenant was dispossessed for non-payment of rent before date for completion of alterations and repairs — tenant not relieved from obligation to make repairs by provisions in lease to make good loss from failure to pay rent.

In an action to recover on a bond given to secure the performance by a tenant of an agreement to make certain alterations and repairs in the leased building within a stipulated time and for a stipulated amount, it is not a good defense by the bond carrier that the tenant was dispossessed for the non-payment of rent before the date on which the alterations and repairs were to be completed.

The provisions in the lease that the tenant shall continue to make good any loss resulting from the failure to pay rent, even after dispossession, do not relieve the tenant from the obligation to make repairs, on the theory that no similar provisions were inserted in the lease as to that obligation.

Appeal by the plaintiffs, Stogop Realty Co., Inc., and another, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 28th day of May, 1924, denying plaintiffs' motion to strike out the separate defense as insufficient in law.

*Hays, Hershfield & Wolf* [*Ralph Wolf* of counsel], for the appellants.

*Norwood & Walsh* [*Carlisle Norwood* of counsel; *Thomas L. Walsh* with him on the brief], for the respondents.

Martin, J.:

Morris Tobias, as lessee, entered into a twenty-one-year lease with plaintiffs, as lessors, of premises known as the Marie Antoinette Hotel, on Broadway between Sixty-sixth and Sixty-seventh streets, New York city. He agreed to make alterations to the premises and gave a bond for performance of this undertaking. The alterations were not made.

The plaintiffs have brought this action to recover on the bond. It was given by Tobias as principal, and defendants as sureties.

The lease, which is set out in full in the complaint, is mentioned in the bond, but only to the extent of identifying the alterations to be made as those described therein.

The affirmative defense to which the motion relates is to the effect that the lessee surrendered possession to the lessors, in a summary proceeding, terminating the lease, and with it the lessee's agreement to make alterations and improvements; and that the surrender ended the obligation of the sureties.

The bond recites that the principal has " entered into a certain agreement " to take a lease of the Marie Antoinette Hotel, for the period from October 1, 1923, to October 1, 1944; that the principal, Tobias, the lessee, agreed to make alterations and improvements to cost not exceeding $50,000; and that he is required to indemnify the lessors against loss by reason of the failure to complete such alterations and improvements. The condition of the bond is that, if the principal, Tobias, shall indemnify and hold harmless the lessors " against loss or damage directly arising by reason of the failure of the principal to complete said alterations and improvements described in the above mentioned lease," the obligation is to be void.

The lease was dated February 5, 1923; the sureties' bond was dated August 25, 1923; the lessee obtained possession on October 1, 1923; the alterations were to be commenced by December 1, 1923; and they were to be completed by September 30, 1924.

The precept in summary proceedings was obtained on December 4, 1923, by plaintiffs, as lessors, against Tobias, as lessee, for non-payment of December rent; it was served on December fifth; and the return day was December tenth. Plaintiffs allege that

December tenth, the return day of the precept, was the date of the lessee's abandonment of the premises and of his agreement to make the alterations. They were awarded possession in the summary proceeding and the warrant was executed on December 18, 1923.

The complaint alleges that the lessee began the alterations and proceeded therewith until about December 10, 1923. The lessee points out that he had until September 30, 1924, to complete the alterations; and that nine months earlier, for non-payment of the monthly rent due December 1, 1923, the lessors, by the precept issued December 4, 1923, demanded and in due course took possession.

The complaint does not allege there was a default in the alteration work prior to December 10, 1923. The defense alleges that Tobias was prevented, by plaintiffs' ousting him, from completing the alterations. The lessee could not continue the alterations without possession of the hotel property, which the complaint alleges he " abandoned " on December tenth. By the motion it is conceded that it was in response to the demand of the plaintiffs' precept of December fourth that the lessee removed from the premises and restored them to plaintiffs; and that this was not later than December 10, 1923.

There are provisions in the lease to the effect that the tenant shall continue to make good any loss resulting from the failure to pay rent even after dispossession. These were intended to survive the ending of the term as the result of summary proceedings. We are of the opinion that the effect is not to relieve the lessee from the obligation to make repairs, on the theory that no similar provisions were inserted in the lease as to that obligation.

The lessee cannot avoid his contractual obligation to make alterations through breaching the contract. It is argued that the landlord should have sued for rent and permitted the tenant to remain in possession and enjoyment of the premises, although no security for rent had been deposited. But the contention that the landlord could not dispossess the tenant for non-payment of rent without destroying the obligation to complete the alterations is untenable. A judgment for rent would probably have been worthless. To require that the tenant be allowed to continue in possession, without paying rent, unless he were to be relieved of his obligation to complete the alterations is not required by any rule of law.

In the case of *Kanter* v. *New Amsterdam Casualty Co.* (195 App. Div. 756) this court said: " It must be assumed, therefore, that the primary purpose of this requirement was security for the per-

formance by the lessee of its obligations under the lease, and to protect the plaintiff in case she should exercise her right of re-entry in the event of a breach by the tenant warranting it. (*O'Brien* v. *Illinois Surety Co.*, 203 Fed. Rep. 436; *sub nom. Illinois Surety Co.* v. *O'Brien*, 223 id. 933; *Rock* v. *Monarch Building Co.*, 87 Ohio St. 244; 100 N. E. Rep. 887.) * * * I am unable to agree either with the view that the plaintiff is not entitled to recover to the extent of the penalty of the bond or that she has failed to show any recoverable damages. The precise terms of the bond were agreed upon by the reference in the lease to a form of bond containing them, and the agreement of the defendant was not to pay the damages to the extent of the penalty of the bond, but to pay a specific amount in the event that the tenant failed to make the alterations as agreed. * * * If the tenant had remained in possession under the lease in force when the action was brought, it could not be said that the plaintiff would be entitled to possession before the expiration of the term, and, therefore, she would have been limited to recovering damages represented by the loss of the alterations as security and for damages to the reversion. * * * If the tenant had performed the agreement, for the performance of which the bond was given, the landlord would then have come into the possession of the altered building, but of that right she was deprived by the breach of the agreement on the part of the tenant."

In *Michaels* v. *Fishel* (169 N. Y. 381) the court said (at p. 387): " As the effect of the statute* is to cancel the ' agreement for the use of the premises ' and to annul ' the relation of landlord and tenant,' it terminates the lease, as such, the same as if it had ' been voluntarily canceled and given up.' * * * It does not, however, terminate independent covenants, which are not a part of ' the agreement for the use of the premises,' although they are contained in the same instrument and are designed to furnish security to the lessors against the contingency of dispossession and its effect upon the lease proper, according to the statute."

The facts set forth as a defense are insufficient for that purpose.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

* See Code Civ. Proc. § 2253; now Civ. Prac. Act, § 1434, as added by Laws of 1921, chap. 199.— [REP.