STOGOP REALTY CO., INC., and Another, Respondents, *v.* NATIONAL SURETY COMPANY and Others, Appellants.

First Department, March 19, 1926.

**Principal and surety — action on bond given to landlord to secure performance of lease in respect to tenant's agreement to make alterations — tenant abandoned premises before alterations were completed — any change in plans made by tenant did not release sureties — recovery of damages on different rule from that stated in complaint is not material — measure of damages is cost of completing alterations contracted to be made — fact that landlord actually made less expensive alterations is immaterial.**

In an action against sureties under a contract guaranteeing the performance by the tenant of the terms of the lease, in respect to the making of alterations in the leased building, in which it appears that the tenant abandoned the premises before the alterations were completed, the defense that the sureties were released because of changes made in the contract without their knowledge is not sustained, since there is no proof that the landlord consented to the changes in the plans and specifications made by the tenant and, as a matter of law, even if the landlord consented, such consent as instanced in these circumstances would not relieve the sureties of liability on the bond.

The fact that damages were recovered under a rule different from that stated in the complaint is not material, for the landlord is entitled to recover such damages as the facts justify, notwithstanding an allegation of a wrong theory.

The true measure of damages is the cost of completing the alterations which the tenant agreed to make, and damages are not limited to the cost of less expensive alterations made by the landlord after the tenant abandoned the premises.

APPEAL by the defendants, National Surety Company and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 19th day of May, 1925, upon the verdict of a jury rendered by direction of the court.

*Norwood & Walsh* [*Carlisle Norwood* of counsel; *John C. MacCarthy* with him on the brief], for the appellants.

*Hays, Hershfield & Wolf* [*Ralph Wolf* of counsel; *Henry Abelson* with him on the brief], for the respondents.

McAVOY, J. Plaintiffs had a judgment in this cause, the right of action arising out of an agreement of lease between the plaintiffs and defendant Tobias, who was the tenant under that lease, and the surety bond of the corporate defendants.

The agreement of lease granted permission to one Tobias, a defendant here, at his own cost and expense and in accordance with certain plans and specifications, to make and complete certain alterations in the premises owned by plaintiffs and leased to Tobias. He was

to commence these alterations within ninety days after he took possession as a tenant, and he was to proceed diligently until they were fully completed. The provisions of the agreement were that the improvements to the building which was then erected upon the premises were to be such as "shall be appropriate to change and alter the said building into a business and apartment hotel, which shall contain stores on the ground floor, and one, two and three-room apartments, each apartment with a bath, on each of the other floors throughout the said building." Tobias was to submit the proposed plans and specifications for the making and completion of these alterations to the landlord and they were not to be made unless the landlord approved in writing of the plans and specifications, but such approval of the plans was not to be withheld unless the proposed alterations were such as not to be appropriate to change the premises into a building of the character hereinbefore described. Tobias was to pay and discharge all costs of these alterations, and he was required to put up security for the due performance by him of the covenant to make and complete the alterations and to pay for the same as a condition precedent, and as such security he was required to deliver to the landlord a surety company bond, conditioned upon the performance of the covenant and that he would pay the cost of such improvements.

Defendants National Surety Company and Union Indemnity Company executed this bond which Tobias was required to provide. There was no dispute about its making and delivery. The clauses under which the suit comes to court are: "Are held and firmly bound unto Stogop Realty Company, Inc., and Aloumor Realty Corporation (hereinafter called the obligees) in the penal sum of $50,000, * * * lawful money of the United States of America, well and truly to be paid and for the payment of which, we and each of us hereby bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents." The condition of the payment of said $50,000 was " that if the principal shall indemnify and hold harmless the said obligees from and against loss or damage directly arising by reason of the failure of the principal to complete said alterations and improvements described in the above mentioned lease, free from liens, then this obligation shall be null and void; otherwise to be and remain in full force and effect."

Tobias thereafter submitted plans for the making of the improvements. They were approved in writing by the landlord and Tobias thereafter entered into possession of the premises on October 1, 1923. Tobias did not make the alterations called for by the

lease and abandoned the premises about December fifteenth thereafter and never returned. Plaintiffs resumed possession of the premises on December 17, 1923. During October, November and December, 1923, which was the period in which Tobias held possession, he did a small part of the work called for by the plans and specifications. As detailed by the architect employed by Tobias, the amount of work he did consisted of nine different items. Most of the work was done in October and November, and a small portion thereof was done in December, 1923. The total aggregate cost of doing the work that Tobias did was about $1,795. Tobias did not pay for all this work, leaving about $310 to be paid by plaintiffs. What work he did, carried out the plans and specifications dated in August, which had been approved in writing.

The action here was begun February 25, 1924, to recover damages against the sureties because of the default of their principal Tobias. There is no doubt that there was a complete cause of action in favor of plaintiffs under the agreement by Tobias to make the alterations and to pay for the same and his default thereon. The bond of defendants, indemnifying plaintiffs against loss by reason of the failure of Tobias to make the alterations and the neglect of Tobias to make and complete the alterations which his contract called for, gave rise to a cause against these defendant sureties on that bond. Without denial, defense or legal avoidance liability must follow. There is no denial and we review the defense for sufficiency.

Defendants' defenses are mostly based on the alleged mistaken measure of damages and a claim of a change in the plans and specifications on the part of the plaintiffs which so substantially altered the contract as to release the sureties without defendants' consent. They also asserted that plaintiffs were not entitled to recover because of dispossess proceedings which they brought against Tobias, but this defense has been ruled insufficient on a prior appeal. (See 212 App. Div. 129.) The claim that Tobias made changes in the plans and specifications without the consent of the defendants is futile, *first*, because there is no proof that the plaintiffs consented to the changes in the plans and specifications made by Tobias; and *second*, as a matter of law, even if plaintiffs consented, such consent as instanced in these circumstances would not relieve defendants of liability on their bond.

The grievance of defendants that plaintiffs specified in their complaint a different rule of damages from that upon which they recovered judgment is not one which can be heard upon an appeal if the damages which were awarded were proper for the cause of action alleged. As to the defense of application of an improper

rule of damages: After Tobias defaulted, plaintiffs did make certain changes in their plans and specifications and built a cheaper building by reason of these alterations than would have been completed by Tobias had he carried out his contract.  Plaintiffs' theory of damage in this matter was correct, that is, they were entitled to recover the reasonable cost of making the alterations which Tobias had agreed to make, less the reasonable cost of the alterations, which he had, in fact, made and paid for.  This would be so irrespective of whether or not the alterations were, in fact, made by plaintiffs.

Defendants' contention that plaintiffs were entitled to recover only the reasonable cost of the alterations actually made, and if none were actually made by plaintiffs, that plaintiffs were not entitled to recover in any amount, disregards both the contract and the bond, because obviously the plaintiffs were entitled to the benefit of their bargain, that is, the reasonable cost of the alterations agreed upon to be made.  Manifestly what they lost through the failure of payment of the reasonable cost of the alterations by Tobias would be an amount equal to that sum.

It was unnecessary for plaintiffs to specify in their complaint the rule of damages applicable, and if the rule specified is erroneous, that did not deprive plaintiffs of the right to recover such damages as flowed from the facts of the controversy, which were alleged. The true measure, therefore, of the damages to which plaintiffs are entitled is the cost of making the alterations, additions and improvements contracted to be made and completed by the principal or the sureties.  The cause of action having accrued long before the work was completed it was a cause of action for damages for abandoning the contract.  The plaintiffs were under no duty to complete the work at all.  If they had not completed it, they still would have been entitled to their damages.  The completion of it if it had been had in this instance would have merely given the exact cost, instead of what was here relied upon, the estimates of experts.

Plaintiffs' cause of action was not postponed until the completion of the work and had no relation to completion, and is not affected by the fact that another type of building was erected on the premises.

Defendants would not have been released from liability even if a change in the plans had been consented to, but there is no evidence whatever that the plans as changed by Tobias were ever consented to by plaintiffs.  Even if there were testimony showing a consent by plaintiffs to a change in the plans, such consent as is asserted to have been given here would not have released the defendants

from liability. A material change, of course, without other condition, would release the surety. The bond here, however, refers to the lease which plaintiffs made to Tobias. It was given for the performance of the work directed in the lease and the bond undertakes that the alterations and improvements described in the above-mentioned lease will be made and paid for. The defendants are, therefore, bound by the provisions of the lease as to the extent and character of the improvements to be made. The lease reads in that aspect that the alterations are to be such " as shall be appropriate to change and alter the said building into a business and apartment hotel, which shall contain stores on the ground floor, and one, two and three-room apartments, each apartment with a bath, on each of the other floors throughout the said building."

These plans and specifications for the alterations were to be approved by plaintiffs in writing, but the approval was not to be withheld, unless the alterations were " such as are *not* appropriate to change and alter the said building into a building of the character hereinbefore described," so that the lease itself upon which the bond rests contemplated such alterations as would be suitable to change the building into stores on the ground floor and apartments, as described above, on the upper floors without precise adherence to the particular plans and specifications originally drawn for such alterations. What form in detail these plans and specifications should perchance thereafter take was left to the future agreement of plaintiffs and Tobias, providing only that the general scheme described was unaffected. Therefore, any change which did not alter the essential character of the alterations would have been ineffective to release the sureties.

We think the judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Judgment affirmed, with costs.