125 WEST 45TH ST. RESTAURANT CORP., Respondent, *v.* FRAMAX REALTY CORPORATION, Defendant, Impleaded with BARNET KLAR and Another, Appellants.

First Department, June 23, 1936.

*Samuel W. Dorfman* of counsel [*Schiff, Dorfman & Stein,* attorneys], for the appellants.

*Joseph R. Apfel* of counsel [*Apfel & Apfel,* attorneys], for the respondent.

TOWNLEY, J. The appellants are defendants in a suit on a guaranty. On February 2, 1928, the defendant Framax Realty Corporation, holder of the lease of the entire building, leased the store and basement of the premises at 125 West Forty-fifth street to Caruso Restaurant, Inc. This lease was for a term of twenty years and expired, according to its terms, on April 30, 1948. Security amounting to $6,250 was deposited by the tenant. This security was to be returned to the tenant according to the terms of the lease " after the time fixed as the expiration of the term herein." These individual defendants guaranteed the return of this deposit. The guaranty reads as follows: " The undersigned, do hereby guarantee that the security amounting to $6,250, referred to in the annexed lease between Framax Realty Corporation and Caruso Restaurant, Inc., affecting the store and basement in premises 125 West 45th Street, Borough of Manhattan, New York City, will be returned to the said Caruso Restaurant, Inc. in the event it shall have fully complied with all the terms, covenants and conditions of the within lease *at the time and in accordance with the terms and conditions contained in said lease.*" (Italics ours.)

The Framax Realty Corporation assigned this lease but retained the deposit. The Caruso Restaurant assigned its lease and the deposit to the plaintiff. The present owner of the lease, Row Organizing Company, Inc., and the plaintiff entered into an agreement surrendering, canceling and terminating this lease as of November 1, 1935. At the time of this cancellation, the Row Organizing Company, Inc., released the Caruso Restaurant, Inc., and the plaintiff from any and all liability under the lease and a new lease was executed between the Row Organizing Company, Inc., as landlord and the plaintiff as tenant for the unexpired term of the old lease at a reduced rental. All of this was accomplished without the knowledge or consent of the appellants. After the surrender of the lease, the plaintiff demanded the return of the deposit. The demand was refused and this action was brought.

The appellants claim that the change in the obligation which they guaranteed, brought about by the cancellation of the lease and the release of the plaintiff and the Caruso Restaurant, Inc., from further liability, together with the execution of the new lease, was so substantial an alteration as to relieve them from further liability on their guaranty.

We think this claim is well founded. The appellants had guaranteed the return of this deposit " at the time and in accordance with the terms and conditions contained in said lease." The terms of the lease called for its return at the end of the term in 1948. The parties by their new arrangement have attempted to make

this deposit returnable in 1935, some thirteen years prior to the time of repayment as guaranteed by these appellants. The obligation of the appellants under their contract of guaranty must be strictly construed and any variation in the obligation guaranteed operates to release them from further liability. (*Katz* v. *Leblang*, 243 App. Div. 421; *Rutherford National Bank* v. *Manniello*, 240 id. 506; affd., 266 N. Y. 568; *Antisdel* v. *Williamson*, 165 id. 372; *Page* v. *Krekey*, 137 id. 307; *Paine* v. *Jones*, 76 id. 274; *Kingsbury* v. *Westfall*, 61 id. 356.)

In *Rutherford National Bank* v. *Manniello* (*supra*) this court, per O'MALLEY, J., said: " As surety, his obligation was *strictissimi juris*, and any change in the principal obligation made without his knowledge or consent released him. (*Hyde* v. *Miller*, 45 App. Div. 396, 400; affd., 168 N. Y. 590; *Stogop Realty Co., Inc.*, v. *National Surety Co.*, 216 App. Div. 198, 202; affd., 243 N. Y. 622; *Vose* v. *Florida R. R. Co.*, 50 id. 369, 374; *National Park Bank* v. *Koehler*, 204 id. 174.) "

The voluntary termination of this lease as of November 1, 1935, instead of the date fixed by the lease for its expiration, April 30, 1948; the obtaining of a release from all liability under the lease; and the making of a new lease for the unexpired term of the old one at a reduced rental, unquestionably constituted a material alteration in the original contract. The Court of Appeals has held that even an immaterial alteration in the contract guaranteed will operate to release the guarantor. In *Page* v. *Krekey* (*supra*) the court in its opinion said: " But the answer to that is that the defendant's obligation is *strictissimi juris*, and he is discharged by any alteration of the contract, to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury."

Under the new arrangement the guaranteed contract was entirely done away with and a new contract of different terms and different obligations was in effect substituted therefor. Such change in the relation of the parties clearly relieves the defendants of any further obligation. The cases relied on in the court below (*Michaels* v. *Fishel*, 51 App. Div. 274; affd., 169 N. Y. 381, and *Fields Holding Co., Inc.*, v. *Chanbrook Realty Co., Inc.*, 246 App. Div. 241) dealt entirely with the question of the right of the tenant to a return of the deposit upon the termination of the lease in advance of the time fixed by the terms of the lease. These cases have no application to the obligation of a guarantor which under the rules hereinbefore stated must be strictly limited to the contract made and cannot by implication be extended to cover situations not expressly made a part thereof.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion for judgment in favor of the defendants Klar and Schiff should be granted.

MARTIN, P. J., McAVOY, O'MALLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.