Lester Sacks, J.
On July 13, 1966, defendants Nathan Orr, Jr., and Kathryn Orr purchased a color television console set from Maurice Stewart & Co., Ltd., under a retail installment contract that was subsequently assigned to the plaintiff. Contained *913 in the contract is a section entitled ‘ ‘ Guaranty ’ ’ that was executed by the defendant Nathan Orr, at the time of the purchase, guaranteeing the payment of the unpaid balance of $740. The action against the buyers, Nathan Orr, Jr., and Kathryn Orr has been settled, while the action against the guarantor, Nathan Orr, has been submitted to the court, for determination, on a stipulated set of facts.
The contract is what is commonly known in the retail installment business as an “ add-on ” contract, because it adds the old balance owing on the previous purchase to the current purchase, in this case the television set, and consolidates the two balances, together with credit service and other charges, into a new consolidated time balance.
When the guarantee was executed certain portions of the installment contract were ¡blank. 'Such items as the balance on the previous account, total of the previous and current balances, charges for credit life, accident and health and property insurance, as well as credit service charge and consolidated time balance, did not appear in the contract. The contract, at that time, also, failed to reflect any credits on the old balance to which the buyers were entitled. These items were inserted after the buyers had signed the installment contract and the defendant had signed the guarantee. There is nothing in the record to indicate that the defendant either approved or consented to these insertions.
The figures of $961 (old unpaid balance), $1,901 (total of the new and old balances), and $2,333.88 (new consolidated time balance, including all charges), were inserted in the contract after it had been signed by the buyers and after the guarantee had been executed. The effect of these insertions was to increase the face amount of the contract from $740, the unpaid balance owing on the television set, to $2,333.88, the new consolidated time balance. The defendant did not guarantee any of the previous contracts included in the old balance, covering purchases made by the buyers. Plaintiff now seeks to recover for the balance due on the new consolidated time balance.
The defendant resists this action on the grounds that the plaintiff is not a holder in due course, that the alteration of the principal contract voided his guarantee, that, if liable, defendant’s liability is, at most, limited to the payment of the balance owing on the television set, and that section 410 of the Personal Property Law, which permits certain items to be inserted in a retail installment contract, after it is signed by the buyer, affects only the buyer and not the guarantor.
*914 Plaintiff relies on paragraph (a) of subdivision 3 of section 403 of the Personal Property Law to preclude the defendant from asserting a defense. In substance, that section permits a buyer to agree in an installment contract not to assert a defense or claim arising out of the sale against an assignee of the installment contract, when the latter acquires the contract in good faith, for value, and without notice of any facts giving rise to a claim or defense, provided the assignee mails to the buyer a 10-day notice of assignment, calling upon the buyer to notify the assignee within said 10 days if the statement of the transaction is incorrect, or if the goods have not been delivered to the seller or are not in his possession, or if the seller has not fully performed all his agreements with the buyer. The substance of this section is incorporated in the installment contract and no claim is made that the buyers failed to receive proper notice of the assignment.
That section of the Personal Property Law is intended to protect a bona fide assignee of an installment contract, who gives proper notice of the assignment to the buyer, against any claim or defense of the latter arising out of the sale, and is also intended to protect the buyer by affording him the opportunity to make his claim or defense known to the assignee, if, in fact, they exist. An assignee, as a result of that section, is protected against ‘ ‘ a claim or defense arising out of the sale ’ ’ if the buyer fails to assert such claim or defense within the time allowed him. The buyer is foreclosed thereafter from asserting them.
A contract of guarantee is the promise to answer for the payment of some debt or the performance of some obligation, on default of such payment or performance, by a third person who is liable in the first instance, and imports the existence of two different obligations. The guarantee is a separate and independent contract involving duties and responsibilities very different from those created by the principal contract to which it is collateral. (Pink v. Investors Syndicate Tit. & Guar. Co., 246 App. Div. 172, affd. 273 N. Y. 483.) While the defendant guarantees that the buyers will pay according to the terms of the installment contract he does not agree, not to assert “ a claim or defense arising out of the sale ” against the plaintiff. The buyers may, if they so agree, waive any claim or defense they may have against the plaintiff (seller’s assignee), arising out of the sale (Personal Property Law, § 403, subd. 3, par. [a]) and in this case that is what they did, but they could not, and did not, thereby, affect the right of the defendant to assert whatever claim or defense is available to him. Paragraph (a) of *915 subdivision 3 of section 403 is not intended to, nor does it, limit or foreclose whatever rights the defendant may have against the plaintiff. It is the buyers who agree not to assert a claim against the plaintiff and when they so agree, they bind themselves, not the defendant.
The plaintiff would have this court construe the defendant’s obligation under his contract of guarantee to include liability for the old balance.
The obligation of the defendant under contract of guarantee is strictissimi juris (100 Parkway Rd. v. Johns-Manville, Inc., 258 App. Div. 736, affd. 285 N. Y. 747). The defendant is bound by the strict and precise terms of his contract of guarantee (Fidelity Trust Co. of N. Y. v. Brooklyn Props. Corp., 229 App. Div. 544). It is to be strictly construed against the party for whose benefit it is given in the guarantor’s favor. Unless the guarantee indicates to the contrary it will be limited to the single transaction for which it is given (Schlem v. Jesaites, 37 N. Y. S. 2d 943).
There is nothing in the contract of guarantee to show that the defendant intended to guarantee the payment of previous purchases by the buyers. The court finds that the guarantee is limited to the single transaction involving the purchase of the color television set.
The defendant argues that the alteration of the principal contract without his consent or approval releases him from liability on his guarantee.
It is well settled in this State that any variation in the obligation guaranteed operates to release the guarantor from further liability. When the agreement on which the guarantee is based is modified or altered without the guarantor’s consent or approval the latter is discharged. (100 Parkway Rd. v. Johns-Manville, Inc., supra; Becker v. Faber, 254 App. Div. 772, revd. 280 N. Y. 146; 125 West 45th St. Rest. Corp. v. Framax Realty Corp., 248 App. Div. 90, affd. 273 N. Y. 536.)
The plaintiff contends that section 410 of the Personal Property Law permits the unpaid time balance owing on a previous contract included in the consolidated total, the total credit service charge, the consolidated total indebtedness of the buyer and the terms of payment thereof, to be inserted in the installment contract after it is signed by the buyer, provided that within 10 days from such contract a statement of the items so inserted is mailed or delivered to the buyer.
Ordinarily, in the absence of a statute, the defendant would have been discharged from liability on his guarantee (Matter of Home Tit. Ins. Co., 255 App. Div. 635). But in the light of *916 section 410 the insertions made in the installment contract, after it was signed by the buyers, and after the defendant had guaranteed the buyers’ performance thereof, did not constitute such alteration of the principal contract as to release the defendant.
On the other hand, while such insertions may be valid and binding on the buyers (Personal Property Law, § 410) that section does not bind the defendant and such insertions cannot change his liability without his consent or approval. It is not intended by section 410 to impose a greater liability on the defendant than what he contracted for in his guarantee agreement. He continues, however, liable for the payment of the principal obligation, to the extent that he assumed the same at the time he signed his guarantee.
It appears that the plaintiff credits the buyers with payments of $520.78 on account of the contract. 'Crediting this sum against the defendant’s obligation of $740, the court finds that the defendant is liable for the payment of the balance of $219.22 on his guarantee, for which sum plaintiff shall have judgment accordingly.