**LIBERTY NATIONAL BANK AND TRUST CO., a corporation, Plaintiff and Respondent,**

v.

**Anton J. DVORAK, Defendant and Appellant.**

**Civ. No. 8802.**

Supreme Court of North Dakota.

May 31, 1972.

Rehearing Denied July 27, 1972.

Greenwood, Moench & Heth, Dickinson, for defendant and appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and respondent.

PAULSON, Judge.

This is an appeal from a judgment of the District Court of Stark County. The facts were stipulated to the district court and the case was tried without a jury. The court awarded judgment in the amount of $3,643.62 plus interest to the plaintiff, Liberty National Bank & Trust Company.

The facts stipulated by the parties are as follows:

"`. . . . .

"(a) On and prior to July 7, 1969, Edwin Dvorak, son of the Defendant herein, was desirous of purchasing a 1960 Kenworth Truck Tractor hereinafter referred to as 'Kenworth'; and in order to secure monies with which to purchase said Kenworth Edwin Dvorak conferred with officers of Plaintiff Bank; that Plaintiff Bank agreed to lend Edwin Dvorak the funds with which to purchase said Kenworth if said Kenworth was covered by collision and comprehensive insurance or if repayment of the obligation was guaranteed by Defendant, Anton J. Dvorak. No insurance was ever obtained covering said Kenworth.

"(b) That on or about the 7th day of July, 1969, Edwin Dvorak did make, execute and deliver unto Plaintiff his promissory note in the sum of $6,441.90, the original of which said promissory note is hereto attached and made a part hereof by reference as though the same were set forth herewith in full; that Defendant Anton J. Dvorak at the time of, or prior to, delivery of said note as aforesaid signed the guarantee on the reverse side of said note; that Edwin Dvorak executed and delivered unto Plaintiff a Security Agreement granting Plaintiff a security interest in said Kenworth as well as the title certificate to said Kenworth; and that the Plaintiff delivered

unto Edwin Dvorak the sum of $5,500.-00, which said monies were used to purchase said Kenworth truck.

"(c) That no payments were made upon said note dated July 7, 1969, except as shown and posted and on the reverse side thereof; that on the 26th day of June, 1970, there was due and owing upon said note the sum of $4,079.87, including interest and credit life insurance premiums upon the life of the maker, Edwin Dvorak, if said note were paid in the provided installments to maturity; and that at said time there was owing Plaintiff upon said promissory note the sum of $3,693.62, after reduction for unearned interest and unearned credit life insurance premiums.

"(d) That on or about the 26th day of June, 1970, the transmission in said Kenworth truck broke down in Montana and was in need of replacement; that Bonnie Dvorak, wife of Edwin Dvorak, requested officers of the Liberty National Bank & Trust Co. to obtain the sum of $2,267.-23 to repair said transmission; that at said time, in addition to the promissory note of July 7, 1969, hereinabove referred to, Edwin Dvorak was indebted to Plaintiff on an additional note in the principal sum of $1,100.00; and that at said time Edwin Dvorak in addition to desiring to obtain monies for the replacement of the Kenworth transmission sought to refinance all obligations owing Plaintiff from him to provide for a single monthly installment, which said obligations including the one for the Kenworth transmission would be as follows, all as of June 26, 1970:

| | |
|---|---|
| Balance on July 7, 1969, note | $3,693.62 |
| Other—Dvorak Note | 1,100.00 |
| Kenworth Transmission Money | 2,267.23 |
| Interest on Proposed New Loan | 1,068.96 |
| Credit Life Insurance on Proposed New Loan | 127.09 |
| TOTAL | $8,256.90 |

"(e) That on or about the 26th day of June, 1970, Edwin Dvorak and Bonnie J. Dvorak did make, execute and deliver

unto Plaintiff their promissory note in the amount of $8,256.90, the original of which said note is hereto attached and made a part hereof by reference as though the same were set forth herewith in full; that at said time Liberty National Bank & Trust Co. advanced unto Edwin Dvorak and Bonnie Dvorak the sum of $2,267.23 for replacement of the Kenworth transmission; that at said time Edwin Dvorak and Bonnie Dvorak pledged as collateral for said loan a security interest in the said Kenworth truck and a security interest in a 1959 Diamond T. Truck, a security interest in which had previously been pledged to Plaintiff to secure the $1100.00 note above referred to; that at said time officers of Plaintiff Bank wrote on the reverse side of the note of July 7, 1969, and the $1100.00 note above referred to 'Pd. by renewal' and retained both of said renewed notes in their files and vaults.

"(f) That during the month of July, 1970, said Kenworth truck was in a collision and burned near Jamestown, North Dakota, completely eliminating the value of said Kenworth, except for relatively minor salvage value; that no insurance coverage existed upon said Kenworth; and that no payments have been made upon the note dated June 25 [*sic*], 1970, hereto attached, except the following:

"(i) The sum of $1,098.00 received on September 18, 1970, for salvage of the transmission from the Kenworth.

"(ii) The sum of $950.00 on May 6, 1971, for sale of the 1959 Diamond T truck, following its repossession by Plaintiff.

"(iii) The sum of $50.00 on April 19, 1971, as salvage for the remainder of said Kenworth, all of which said sums have been posted to the reverse side of said note.

"(g) That Edwin Dvorak and Bonnie J. Dvorak have heretofore filed in the United States District Court for the District of North Dakota, Southwestern Division, their petition in bankruptcy and that all of their remaining obligation on the attached notes will in all probability be discharged on September 4, 1971.

. . . . ."

The first promissory note provided for monthly payments of $214.73 from August of 1969 to January of 1972. The note was signed by Edwin Dvorak. Anton J. Dvorak endorsed this note as guarantor.

The second promissory note provided for monthly payments of $275.23 from July of 1970 to December of 1972. It is stipulated that Edwin Dvorak and Bonnie J. Dvorak did make, execute, and deliver this promissory note to Liberty National Bank and Trust Company.

The district court found that the note of June 26, 1970, was a renewal of the note of July 7, 1969, and that Anton J. Dvorak had agreed to a renewal by signing the first note. The principal amount of the judgment ($3,643.62) was determined by subtracting the $50.00 salvage value of the Kenworth truck from the amount owed on the first note ($3,693.62) at the time the second note was executed.

The two notes were executed on similar standard forms which provided:

"Each maker, co-maker, indorser, surety and guarantor . . . consents to any extensions and renewals hereof without notice. . . ."

■■ There is no doubt that Anton J. Dvorak, by the renewal clause contained in the note, consented to the renewal of the first note which was dated July 7, 1969. We cannot agree, however, with the finding of the district court that the note of June 26, 1970, was a renewal of the July 7, 1969, note. In the case of Douglas County State Bank v. Sutherland, 52 N.D. 617, 204 N.W. 683 (1925), in paragraph 4 of the syllabus, this court defined "renewed" as follows:

"A note is 'renewed', within the meaning of that term as used in chapter 91,

S.L.1921, when a new note evidencing the *same obligation* is executed and delivered by the maker to the holder of the old note." [Emphasis added.]

Clearly the second note in the case at bar did not evidence the same obligation as the first note because, under the terms of the second note, there was a substantial increase in the principal debt and increased monthly payments extended over a longer period of time.

The purpose of a renewal note is to extend the time the debtor has within which to pay his obligation. This purpose is enunciated in the following language from 11 Am.Jur.2d, Bills and Notes § 307, at page 332:

"Whether a new note is a renewal of another note depends upon the intention of the parties. A renewal signifies the substitution in place of one engagement of a new obligation on the same terms and conditions; that is, the re-establishment of a particular contract for another period of time. An obligation is renewed when the same obligation is carried forward by the new paper or undertaking, whatever it may be. There may be a change of parties. *There may be an increase of security, but there is no renewal unless the obligation is the same. What makes the renewal is an extension of time in which to discharge the old obligation.*" [Emphasis added.]

It is understandable that the elder Mr. Dvorak would agree to a renewal of the July 7, 1969, note since such renewal would give his son more time to pay the original note and would make it less likely that the guarantor would be required to pay off the debt evidenced by such note.

■ Having determined that the note of June 26, 1970, was not a renewal of the earlier note, we must examine the applicable law, namely, § 22–01–15 of the North Dakota Century Code to determine the effect of the second note:

22–01–15, N.D.C.C. *"When guarantor exonerated.*—A guarantor is exonerated, except insofar as he may be indemnified by the principal, if, by any act of the creditor without the consent of the guarantor:

"1. The original obligation of the principal is altered in any respect;

. . .

"2. . . ."

■■ It is our view that the substitution of a second note "alters" the first note within the purview of § 22–01–15, N.D.C.C. Our analysis of § 22–01–15 leads us to the conclusion that the execution of the June 26, 1970, note exonerated and discharged Anton J. Dvorak from any further liability under the note of July 7, 1969.

For cases from other jurisdictions which support this decision, see: Spears v. El Dorado Foundry, Machine & Supply Co., 242 Ark. 590, 414 S.W.2d 622 (1967); Jackson v. First National Bank of Greeley, 28 Colo.App. 415, 474 P.2d 640 (1970); Miami National Bank v. Fink, 174 So.2d 38 (Fla.Dist.Ct.App.1965); Lutz v. Frick Company, 242 Ind. 599, 181 N.E.2d 14 (1962); George E. Failing Co. v. Cardwell Investment Co., 190 Kan. 509, 376 P.2d 892 (1962); Pacific Nat. Agr. Credit Corporation v. Hagerman, 39 N.M. 549, 51 P.2d 857, 101 A.L.R. 1301 (1935); Coburn Corporation of America v. Orr, 60 Misc.2d 912, 304 N.Y.S.2d 345 (1969); Shepherd v. Eric Schuster Corporation, 424 S.W.2d 693 (Tex.Civ.App.1968) (writ of error refused).

The question was raised during the oral arguments as to whether Anton J. Dvorak was injured or damaged by the substitution of the second note, the import of the question being that if he was not damaged by the second note, he should be liable for the remaining balance on the first note at the time of the execution of the second note. The evidence reveals that Anton J. Dvorak was damaged by the substitution of the second note. However, it is not necessary to discuss this issue. The reason it need

not be considered is best stated in the following language from the case of Atlas Assurance Co., Limited of London, England v. Lawrence, 34 F.2d 401, 405 (8th Cir. 1929):

"Under this statute [§ 6668, C.L.1913 (codified without substantive change as § 22–01–15, N.D.C.C.)] the matter of prejudice by, or materiality of, the change is not open to inquiry, because the statute provides that if the obligation is altered 'in any respect' the guarantor, and likewise the surety, is exonerated.

"It is therefore not necessary to inquire into nor to determine to what extent, if at all, the surety or guarantor in this case was injured or prejudiced by the alteration made in the principal contract."

For the reasons stated, the judgment is reversed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN and KNUDSON, JJ., concur.