**HERB HILL INSURANCE, INC., a North Dakota corporation, Plaintiff and Appellee,**

v.

**Dennis RADTKE, Defendant and Appellant.**

Civ. No. 11032.

Supreme Court of North Dakota.

Jan. 22, 1986.

Bickle, Coles & Snyder, Bismarck, for plaintiff and appellee; argued by James J. Coles.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendant and appellant; argued by Orell D. Schmitz.

ERICKSTAD, Chief Justice.

Dennis Radtke, the defendant, appeals from the judgment of the district court awarding Herb Hill Insurance, Inc., damages in the sum of $10,444.37 plus interest. We affirm.

Hill provides casualty insurance, the majority of which is for long-haul truckers. Mr. Hill, owner of Herb Hill Insurance, Inc., testified that casualty insurance for long-haul trucking is a very labor-intensified type of insurance, requiring daily service and continual updating of files.

On June 20, 1983, Radtke and Hill entered into a work contract and commission agreement. This agreement provided that Radtke would work on a commission basis as an agent for Hill. It also allowed

Radtke to receive a salary advance against his commissions but required Radtke to pay back "any difference in the advance salaries taken and the ... commissions share earned" should employment be terminated. Radtke worked for Hill until approximately May 20, 1984, at which time Radtke terminated the employment.

At the time Radtke terminated his employment he had received $21,830.88 in advances against commissions. His net commissions earned, however, totalled only $11,386.51, leaving a difference of $10,444.37 which Radtke was obligated to repay. The contract did not specify a time period for repayment. At this time neither party was in violation of the contract.

■ Soon after Radtke terminated his employment, he and Hill entered into an oral agreement, the exact nature of which was disputed at trial and again here on appeal. While the doctrine of novation was discussed in the lower court, it was not disputed that the oral agreement was an accord as opposed to a novation. The dispute dealt with the exact terms of the accord and whether or not there was satisfaction of the accord.[1]

According to Radtke the agreement was that he would continue to sell insurance, as the occasion arose, and would "clean up his desk" in exchange for Hill not seeking repayment of the $10,444.37. Hill testified

that under the agreement Radtke was to sell additional insurance and, more importantly, clean up his desk, which involved updating and organizing the files with which he had been working so that they could be easily and orderly transferred to other employees. Hill explained that updating and organizing the files was important because of the necessity of providing daily services to these files. Radtke was to provide these services in exchange for Hill not enforcing the original agreement.

After leaving Hill's employment, Radtke failed to work on any of the files he had serviced during his employment. Radtke testified that he did not consider organizing and updating the files as part of the oral agreement. Radtke returned to the office only once after terminating his employment at which time he picked up his personal typewriter. The papers and other materials on his desk remained unattended.

The district court found that Hill's other employees had to service the files left by Radtke, and that this was difficult, because the files had not been orderly transferred by Radtke and therefore the exact status of these files was not known. The court did not make any specific findings of fact concerning the terms of the agreement. While the above findings by the court seem to adopt, at least in part, Hill's version of the agreement, the court did not specifical-

---

**1.** An accord is defined in Section 9–13–04, N.D.C.C., as "an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled." Section 9–13–05, N.D.C.C., provides that "[a]cceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." "The 'accord' is the agreement and the 'satisfaction' is its execution or performance." *Shirazi v. United Overseas, Inc.*, 354 N.W.2d 651, 654 (N.D.1984); *Campbell v. Beaton*, 117 N.W.2d 849, 850 (N.D.1962). "Though the parties to an accord are bound to execute it, yet it does not extinguish until it is executed fully." Section 9–13–06, N.D.C.C.

"Novation is the substitution of a new obligation for an existing one." § 9–13–08, N.D.C.C. "In order for a novation to occur, the existing liability must be completely extinguished and a new one substituted in its place." *First West Side Bank v. Herzog*, 204 Neb. 356, 282 N.W.2d 38, 41 (1979). *See also North Dako-*

*ta Public Serv. v. Valley Farmers*, 365 N.W.2d 528, 543 (N.D.1985).

The difference between an accord and a novation is explained in *Sergeant v. Leonard*, 312 N.W.2d 541, 545–46 (Iowa 1981).

"Two principal legal situations may arise when a contract obligation is modified, an accord or a substituted contract [novation]. With an accord the parties intend that the original contract obligation remains viable but that it is suspended pending performance by the debtor of the modification. If the debtor breaches the modification, the creditor may sue on the original contract or on the modification. . . .

\*   \*   \*   \*   \*   \*

"With a substituted contract [novation] the parties intend to terminate the original contract obligation and to substitute the modification. If the debtor breaches the modification, the creditor may sue only on that agreement."

ly accept either Radtke's or Hill's version of the agreement. Instead, the court, after noting that one referral made by Radtke resulted in the sale of an insurance policy, stated that Radtke's performance "was so limited that it cannot be considered as substantial performance *under either party's testimony.*" [Emphasis added.]

The court concluded that the oral agreement was an accord but there was no satisfaction and Hill was therefore entitled to enforce the original agreement.[2] When reaching this conclusion the court stated, "I originally had reservations with respect to the nature of the agreement made by the parties, as to whether it was an accord and disputed satisfaction, a substituted contract, or a novation....

"I am now satisfied it was an accord, ..."

On appeal, Radtke appears to imply that the oral agreement should be considered a novation, but argues that it doesn't matter if the agreement was an accord or a novation because Radtke fulfilled his obligation in the agreement by making referrals until he was prevented from continuing to do so. This argument challenges the district court's finding that Radtke did not substantially perform under the oral contract with Hill. Radtke contends that the testimony of Hill, that Radtke was to continue to process the files after he left Hill's employment, is incredible because it would have been impossible to do so. However, Rob Montgomery, a former employee of Hill, *who was called as a witness by Radtke,* testified that he returned for approximately two weeks after terminating employment, devoting his time exclusively to processing and transferring files. Finally, Radtke asserts that findings based on that type of testimony must be clearly erroneous.

Hill breaks the case down into two issues. First, whether or not the findings of fact made by the court should be set aside as clearly erroneous pursuant to Rule 52(a), N.D.R.Civ.P. Second, whether or not the court erred in its determination and application of the legal doctrine of accord and satisfaction.

A trial court's findings of fact will not be set aside on appeal unless clearly erroneous. Rule 52(a), N.D.R.Civ.P.; *Industrial Fiberglass v. Jandt,* 361 N.W.2d 595, 598 (N.D.1985). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Industrial Fiberglass v. Jandt,* 361 N.W.2d at 598; *Schnell v. Schnell,* 346 N.W.2d 713, 715 (N.D.1984). The mere fact that the appellate court might have viewed the facts differently had it been the initial trier of the case does not entitle it to reverse the lower court. *Industrial Fiberglass,* 361 N.W.2d at 598.

■ Nearly all the evidence presented concerning the disputed facts of this case was testimonial in nature. The district court is the ultimate arbiter of the credibility of the witnesses and the weight to be given their testimony, and, when more than one reasonable inference can be drawn from credible evidence, the reviewing court must accept the inference drawn by the trier of fact. *Martinson Bros. v. Hjellum,* 359 N.W.2d 865, 869 n. 2 (N.D.1985). After reviewing the entire evidence, both as to the terms of the agreement and the performance of it, and keeping in mind that we must accept the inferences drawn by the district court concerning the testimony of the witnesses, we do not have a definite and firm conviction that a mistake has been made.

■ It was suggested during oral argument that more weight should be given to Radtke's version of the agreement be-

---

**2.** The district court made no mention of any commission Radtke may have been entitled to for the one referral he made which resulted in the sale of an insurance policy. While the record does not indicate the amount of commission Radtke may have been entitled to as a result of this sale, counsel for Hill, when questioned during oral argument, indicated that the commission would be insignificant compared to the total amount owed by Radtke. As this issue was not raised in the district court or in our Court on appeal, we will not address it.

cause there were more witnesses who supported his version. However, the number of witnesses does not determine the weight of proof. *Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 232 N.W.2d 236 (1975); *Pickard v. Director of Motor Vehicles*, 184 Neb. 13, 165 N.W.2d 96, 98 (1969). The weight given to any source of evidence is within the province of the trial court. *Gross v. Sta-Rite Industries, Inc.*, 322 N.W.2d 679 (N.D.1982).

As we have concluded that the court's findings of fact concerning the terms and performance of the oral agreement were not clearly erroneous, we must now address the issue of whether or not the district court erred in its determination and application of the legal doctrine of accord and satisfaction. If we had determined that the court's findings were clearly erroneous and thus concluded that Radtke had satisfied the oral agreement, whether the agreement was an accord and satisfaction or a novation would not be important. The reason for this is that under the application of either theory the result would be the same; Radtke would have satisfied his obligations under the agreement and thus would have been relieved of his duty to repay the $10,444.37.

However, as the district court has found that the agreement was not satisfied by Radtke, and as we have affirmed this finding, it is necessary that we discuss whether the agreement was an accord or a novation because the ultimate results under these two theories are different. If the agreement was an unsatisfied accord, which we hold it to be, Radtke would remain liable on the original contract as the district court held. *See* n. 1, *infra;* Section 9-13-06, N.D.C.C.; *Spilovoy v. Gliege*, 298 N.W.2d 377, 380, n. 1 (N.D.1980). However, if the agreement had been a novation, Radtke would only have been obligated to fulfill the terms of the novation and would not have been liable on the original debt. *See* n. 1, *infra;* Section 9-13-08, N.D.C.C.; Section 9-13-10(1), N.D.C.C.

■ Unless the evidence in a case is such that reasonable persons can draw but one conclusion, the question whether or not there has been an accord and satisfaction is a question of fact. *Shirazi v. United Overseas, Inc.*, 354 N.W.2d 651, 654 (N.D. 1984); *Hall GMC, Inc. v. Crane Carrier Co.*, 332 N.W.2d 54, 61 (N.D.1983). Likewise, the question of whether or not there has been a novation is a question of fact if the evidence is such that reasonable persons can draw more than one conclusion. *Navine v. Peltier*, 48 Wis.2d 588, 180 N.W.2d 613, 616 (1970); *Hyde v. Hyde*, 78 S.D. 176, 99 N.W.2d 788, 791-92 (1959). As the evidence in this case is highly disputed and is easily capable of leading reasonable persons to more than one conclusion, the court's finding that there was an unsatisfied accord as opposed to a novation is a question of fact subject to the clearly erroneous standard of Rule 52(a), N.D.R.Civ.P.

After reviewing the entire evidence, and again keeping in mind the inferences that may be drawn by the district court concerning the testimony of the witnesses, we are not left with the definite and firm conviction that the district court made a mistake in finding that there was an unsatisfied accord as opposed to a novation.

Accordingly, the judgment of the district court is, in all respects, affirmed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.