**TRINITY MEDICAL CENTER, INC.,**
**Plaintiff and Appellant,**

v.

**Kevin RUBBELKE, Ross Rubbelke, Paul Rubbelke, Bill Rubbelke, and Mrs. Clifford Johnston, Defendants and Appellees.**

**Civ. No. 11144.**

Supreme Court of North Dakota.

June 26, 1986.

Bosard, McCutcheon & Rau, Minot, for plaintiff and appellant, argued by Gary M. Hazelton.

McGee, Hankla, Backes & Wheeler, Minot, for defendants and appellees, argued by Robert A. Wheeler.

ERICKSTAD, Chief Justice.

Trinity Medical Center, Inc., the plaintiff, appeals from a district court judgment dismissing with prejudice its complaint against the defendants, Kevin Rubbelke, Ross Rubbelke, Paul Rubbelke, Bill Rubbelke, and Mrs. Clifford Johnston (Children). We affirm.

On June 2, 1983, Trinity filed a complaint against Eugene and Rosella Rubbelke (Parents) alleging that the Parents owed Trinity $7,059.77 for care and services rendered to Eugene Rubbelke. Shortly after the trial began the following written "STIPULATION OF SETTLEMENT" was agreed to by the parties:

"The parties, by and through their respective counsel, in compromise and settlement of the above-entitled action, stipulate and agree as follows:

"1. That the Plaintiff shall forthwith enter judgment against the Defendants, jointly and severally, in the sum of $5,000.00.

"2. That the Plaintiff shall not execute and levy or otherwise attempt to enforce the said judgment or assign same to any other person or firm for purposes of enforcement during the lifetime of the Defendant Rosella Rubbelke.

"3. That the said judgment shall not draw interest, notwithstanding the provisions of Section 2820-34, NDCC.

"Dated this 11th day of June, 1984."

This stipulation of settlement was accepted by the district court and judgment in favor of Trinity and against the Parents in the sum of $5,000.00 was entered on July 12, 1984.

On October 4, 1984, Trinity commenced the present action against the Children for $7,059.77,[1] the total amount allegedly due for the services provided to Eugene Rubbelke. Trinity argued that the duty of the Children to pay for the necessaries rendered to their parents was affirmatively established by Section 14–09–10, N.D.C.C., which provides as follows:

"*Reciprocal duty of support—Support of poor.* It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of the ability of such father, mother, or children. Such liability may be enforced by any person furnishing necessaries to such poor person. The promise of an adult son or daughter to pay for necessaries previously furnished to such parent is binding."

The district court dismissed Trinity's complaint with prejudice concluding that the settlement entered into by Trinity and the Parents served as a complete substitution for the original claim by Trinity.[2]

The issue on appeal is whether or not the stipulation of settlement, entered into by Trinity and the Parents, relieved the Children from liability they may otherwise have had under Section 14–09–10, N.D.

---

1. A credit of $704.19 was subsequently made to Eugene Rubbelke's account, leaving a balance of $6,355.58.

2. Notwithstanding that the district court in its findings stated that the judgment entered against the Rubbelkes "is not enforceable against the Defendants herein during the life-

time of Rosella Rubbelke," in its conclusions of law it stated that "[t]he Defendants herein are entitled to an order and judgment ... dismissing the Plaintiff's Complaint with prejudice...." We affirm the judgment for the reasons stated in this opinion.

C.C.[3] In resolving this issue it is important to analyze the nature of the liability 14–09–10 imposes upon a child for the necessaries furnished to that child's parents.

In *Bismarck Hospital and Deaconesses Home v. Harris*, 68 N.D. 374, 280 N.W. 423 (1938), this Court concluded that a child is liable to a third party for actual necessaries furnished to the child's parent, regardless of whether or not the child has been notified of, or agreed to pay for, the services rendered. 280 N.W. at 426. The third party, however, "must establish the kinship of the parties, the financial ability of the person sought to be charged, the indigence of the person to whom relief was furnished, the reasonable value of the services, and that such relief was an immediate necessity." 280 N.W. at 426–27.

 When questioned during oral argument, Trinity argued that 14–09–10 should be interpreted so that both parents and children have a primary liability to pay for the necessaries furnished to a parent by a third party. We do not agree. It has been stated in cases involving indemnity actions that primary liability is imposed upon a person who is directly at fault or who is directly responsible for an obligation, and that secondary liability, on the other hand, rests upon a fault or duty that is imputed or constructive only, being based upon some legal relationship between the parties or arising from some positive rule of common or statutory law. *Sweeny v. Pease*, 294 N.W.2d 819, 823 (Iowa 1980); *Burbage v. Boiler Engineering and Supply Co.*, 433 Pa. 319, 249 A.2d 563, 567 (1969). Secondary liability is a personal liability which attaches when the remedy against the one primarily liable has been exhausted. *United States v. Floersch*, 276 F.2d 714, 717 (10th Cir.1960). The liability established by 14–09–10 is a secondary liability, being imposed upon children because of their relationship to their parents.

We believe the liability imposed upon the Children by 14–09–10 can be likened to the liability of a guarantor. A guarantor, not being a joint contractor with his principal, is not bound to do what the principal has contracted to do, but only to answer for the consequences of the default of the principal. *State Bank of Burleigh County v. Porter*, 167 N.W.2d 527, 533 (N.D.1969). Under Section 22–01–15, N.D. C.C., an alteration of the original obligation of the principal exonerates the guarantor of any remaining liability, except where the right of recourse against the guarantor is expressly reserved. *General Electric Credit Corp. of Tenn. v. Larson*, 387 N.W.2d 734 (N.D.1986); *Liberty National Bank and Trust Co. v. Dvorak*, 199 N.W.2d 414, 417 (N.D.1972). In the instant case, Trinity did not expressly reserve its right of recourse against the Children.

Applying these legal principles to the instant case, we conclude that when Trinity, through the stipulation of settlement, released the Parents from the original obligation, it released the Children from any liability the Children may have had, especially when Trinity did not reserve a right of action in the settlement to recover from the Children. Trinity is bound by this agreement even though it "may have been ignorant at the time of the settlement of the full extent of [its] rights." *Bohlman v. Big River Oil Company*, 124 N.W.2d 835, 837 (N.D.1963).

Accordingly, we affirm the judgment of the district court.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

3. Other issues were raised by both Trinity and the Children. We find it unnecessary to address these issues, however, because they do not influence the outcome of this case.