Gregory F. BUTLER, Plaintiff and Appellant,

v.

Kenneth R. ROBERTS, Defendant and Appellee.

Civ. No. 880199.

Supreme Court of North Dakota.

March 21, 1989.

See also 54 B.R. 765.

Wefald Law Office, Ltd., Bismarck, for plaintiff and appellant; argued by Robert O. Wefald.

Evans & Moench, Ltd., Bismarck, for defendant and appellee; argued by David L. Evans.

MESCHKE, Justice.

Gregory F. Butler appealed from an unfavorable judgment on his claim against Kenneth R. Roberts for the balance due on a promissory note. We affirm.

In 1981, Roberts and his wife, Colleen Roberts, executed a note for $10,000 to Butler. They also gave Butler a security agreement and financing statement pledging several horses as security for the debt. In 1983, the Roberts executed a note for $16,084.93 to Butler. The 1983 note said: "This note is secured by a mortgage ... on property situated in the County of Burleigh and State of North Dakota." The mortgage pledged Roberts' house as collateral for the 1983 note.

A prior mortgagee foreclosed on Robert's house. Butler sued both of the Roberts, contending that the 1983 note was a renewal of the 1981 note and that it was still secured by the horses. When Colleen filed bankruptcy, Butler proceeded against Kenneth alone.

The trial court found "[t]hat there was no agreement between the parties that the horses would be pledged as security for the May 31, 1983 note." The court concluded that the 1983 note and mortgage constituted a novation and that the security interest

in the horses was terminated when the 1981 note was discharged by the 1983 note. Butler appealed from the judgment of dismissal, contending that the 1983 note and mortgage were not a novation.

A new note does not discharge an existing indebtedness unless the parties agree that it should be discharged. *Dakota Northwestern Bank Nat'l Ass'n v. Schollmeyer*, 311 N.W.2d 164 (N.D.1981); *Karzen v. Heitzmann*, 86 N.W.2d 514 (N.D.1957). The intention of the parties determines whether the original indebtedness and the accompanying collateral are released by a renewal note. "When a renewal note is merely an extension of the original debt and not a discharge of that debt, the creditor does not lose the security interest which he held in the collateral securing the original note." 8 R. Anderson, *Uniform Commercial Code* § 9–203:28, p. 677 (1985). A renewal is an extension of the time within which to pay an obligation. *Liberty Nat'l Bank v. Dvorak*, 199 N.W.2d 414 (N.D.1972).

As distinguished from a renewal, "[a] novation is created by the substitution of a new obligation between the same parties with the intent to extinguish the old obligation." *North Dakota Pub. Serv. Comm'n v. Valley Farmers Bean Ass'n*, 365 N.W.2d 528, 543 (N.D.1985). For a novation, the parties must intend to extinguish the old obligation, there must be mutual assent, and there must be sufficient consideration. *Id.* "[T]he question of whether or not there has been a novation is a question of fact if the evidence is such that reasonable persons can draw more than one conclusion." *Herb Hill Ins., Inc. v. Radtke*, 380 N.W.2d 651, 654 (N.D.1986). Because the question of whether there has been a novation is a question of fact, the trial court's determination is subject to Rule 52(a), N.D.R.Civ.P., and it will not be overturned unless it is clearly erroneous.

Butler contended that there was insufficient consideration for a novation because, when he later checked the title to the mortgaged property, he "discovered that he was not third in line as he anticipated but that he was sixth in line." We are unable to conclude that this demonstrates that the consideration was insufficient as a matter of law.

Butler contended that "the evidence in this case does not establish any 'mutual assent' to the release of the old security agreement and the substitution in place thereof of the mortgage on ROBERTS' home." Thus, we must look to evidence bearing on the parties' intent.

Butler testified that he did not execute a release of the security agreement and financing statement covering the 1981 note; that he did not intend in 1983 to release his 1981 security interest in the horses; and that his "intent was to add additional mortgage collateral."

But, there is also evidence that the 1983 note and mortgage were a novation: Butler's attorney[1] drafted the 1983 note, which refers to a mortgage as security, but does not refer to horses or to the 1981 security agreement and financing statement; the 1983 note was for $5,000 more than the 1981 indebtedness plus unpaid interest; Roberts testified that when Butler agreed to lend him additional money in 1983, "the original discussions were to keep the horses as the collateral and that I remember and then before the final paper work was drawn the horse market had pretty much disappeared so he asked if he could instead have a second mortgage on the house;" and Colleen Roberts testified that either Butler or his attorney told her that "they weren't going to go with the horses, they were going to use the house for collateral."

According to 9 R. Anderson, *Uniform Commercial Code* § 9–406:4, p. 595 (1985), Uniform Commercial Code 9–406 (§ 41–09–

---

**1.** The attorney for Butler on this appeal was not the attorney who prepared the 1983 note and mortgage.

45, N.D.C.C.) "gives the secured party the option of showing on the record the fact that he has released all or a part of the collateral." However, "[t]he fact that the creditor has not filed a release statement after the underlying debt or obligation has been paid or discharged does not negate the fact that it was paid or discharged." *Id.*, at 596. In *Liberty Nat'l Bank v. Dvorak, supra*, 199 N.W.2d at 417, this court said: "Clearly the second note ... did not evidence the same obligation as the first note because, under the terms of the second note, there was a substantial increase in the principal debt and increased monthly payments extended over a longer period of time."

Thus, reasonable persons could draw more than one conclusion from the evidence submitted to the trial court. *Herb Hill Ins., Inc. v. Radtke, supra*, at 654. A trial court's choice between two permissible views of the weight of the evidence is not clearly erroneous. *Three Affiliated Tribes v. Wold Engineering, P.C.*, 419 N.W.2d 920 (N.D.1988). That we might have viewed the facts differently, if we had tried the case, does not entitle us to reverse the trial court's decision. We are not left with a definite and firm conviction that a mistake has been made. Therefore, the trial court's finding of a novation is not clearly erroneous.

Affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.